BERTHA M. HOLMES, Petitioner, v. GEORGE K. WYMAN, as Commissioner of Social Services, et al., Respondents.

First Department, November 14, 1972.

*Ruth Balen* of counsel (*William L. Reese, Jr.,* attorney), for petitioner.

*Ilene J. Slater* of counsel (*Samuel A. Hirshowitz* with her on the brief; *Louis J. Lefkowitz, Attorney-General*), for George K. Wyman, respondent.

STEUER, J. By this proceeding pursuant to article 78 petitioner seeks a review of two determinations of the respondent Commissioner of the New York State Department of Social Services. Petitioner, a recipient of welfare payments, was by virtue of the first decision denied relief for herself and her four minor children. The second decision denied a subsequent application for assistance.

Both decisions followed "fair hearings". The grounds of both decisions were the same, namely, that there was a man in the household who assumed the role of spouse (18 NYCRR 352.31 [a] [3]). Petitioner admitted that one Wright, who was the father of her five children (one of whom does not live with

her), contributed to her and their support until February 1971, paying for the rent, utilities, food and at least part of the the clothing. She testified that he abandoned the household in that month and she had only seen him once since, when he brought gifts of clothing to the children. As against this there was proof that Wright continued to receive his mail at the same address, remained liable on the lease and failed to change his address on his truck registration and other documents. There was testimony, which petitioner denied, that she admitted in December, 1971 that Wright was supporting the household.

The above-cited regulation covers several situations: subparagraph (ii), where the man is the acknowledged or adjudicated father and is willing to assume responsibility for the needs of the woman and those children whose paternity is acknowledged or adjudicated; subparagraph (iii), where he is willing to assume responsibility for his children only; and subparagraph (iv), where is unwilling to assume responsibility for the woman or her children. In all instances except the last, only his available income or resources can be used in calculating the need for assistance. Here, there was no proof of either the man's willingness or his earnings. Respondent relies on the fact that up to one month prior to the application for assistance he did supply those needs, establishing both willingness and ability, and that the proof relied on to show a change in that situation was not credible.

Unfortunately we cannot but be aware of the discrepancy between the purpose of the welfare regulations and the proof adduced at the hearings. The very nature of the proceedings bespeaks the limited resources available to both parties, and proof in depth is hardly to be expected. This is emphasized where, as here, it is to the advantage of the petitioner and the "man in the house" to conceal the extent of support he provides and the issue involves his intent in that respect. These factors naturally conduce to interpreting the record less strictly than in matters more formally presented. But however much this attitude may be warranted, there is always present the consideration that the support of children is involved, which should not be put in jeopardy by an inadequate presentation.

Applying those factors we conclude that the determination and resulting action on the hearing of February 7, 1972, removing the petitioner from the welfare rolls was supported by substantial evidence and should be confirmed. As to the hearing of April 20, 1972, we find that the petitioner made out a prima facie case of changed circumstances and we remand the application to

respondent for a further hearing on her application for child support, both as to the right to any support and, if so, the extent thereof.

Determination of respondent dated February 7, 1972, confirmed without costs. Determination of April 20, 1972, annulled on the law and application remanded to respondent for a further hearing, without costs.

McGivern, J. P., Nunez, Tilzer and Capozzoli, JJ., concur.

Determination of respondent Wyman, dated February 7, 1972, unanimously confirmed, without costs and without disbursements. Determination of respondent Wyman, dated April 20, 1972, unanimously annulled, on the law, without costs and without disbursements, and the application remanded to respondent New York City Department of Social Services for a further hearing.