Joseph P. Kuszynski, J.
Plaintiff, Town of Porter, located in Niagara County, New York seeks a temporary injunction, preventing the excavation of a landfill site covering nine acres and 25 feet in depth by the defendant Chem-Trol Pollution Services, Inc. (Chem-Trol) pending the issuance of a special permit in accord with the town zoning ordinances.
Chem-Trol is engaged in the processing, treating, recycling and disposing of chemcial wastes in landfill sites at a facility situated on approximately 900 acres in the Town of Porter, New York. Previously it had dug similar landfills which were first lined and then filled with chemical wastes. When sedimentized, the wastes are covered with a layer of earth.
Chem-Trol operates a regional disposal facility where disposed are wastes from the immediate area as well as those shipped from several hundred miles distant. It is a chemical waste burial ground servicing over a hundred corporations and admittedly some of the waste is toxic and nonbiodegradable for possibly a thousand years.
The town did not previously require special permits for any of the six original excavations. Chem-Trol has received permission from the State Department of Environmental Conservation to begin preparations for the seventh site, but has not as yet, been given final permission to operate the landfill.
Chem-Trol contends section 551.2 of Local Law No. 1 of the Town of Porter, 1968, which relates to "Major excavating, grading or filling” and its related section 710.99 are not within the zoning power nor any other authority of the town. It further contends that the zoning ordinance in question is in conflict with the State conservation laws.
Section 551.2 reads as follows: "Major excavating, grading or filling. Major excavating, grading or filling as defined *44 herein shall not take place in any district except by a duly constituted public body unless a special permit therefor has been granted by the board of appeals in accordance with sections seven hundred five and seven hundred ten.” And subdivision D of section 710.99 states: "For major excavating, grading or filling as provided in subsection 551.2. Additional Requirements. Suitable site plans showing before and after conditions shall be required. The finished conditions shall normally not permit any bank with a slope of more than one inch vertical to three inches horizontal. Replacement of topsoil, finished seeding or sodding and other landscaping shall be required where applicable. Adequate information relative to any pond to be created shall be provided to permit the board to determine that such pond will not become a public nuisance. A time schedule of the operations shall be provided, including an expiration date for the permit, which shall, in no instance, run more than three years, but which may be renewable. Measures shall be introduced to assure that any interim hazardous or nuisance-producing stage in the operations shall be prevented. Where failure to complete the work as permitted would result in unsatisfactory situation, a performance bond, similar in nature to that required by the town subdivision regulations, shall be required. Where engineering inspection is deemed necessary, the board shall determine the cost of such inspection and require payment to the town clerk of a fee sufficient to cover such inspection. Such fees shall be utilized, in manner determined by the town board, to cover the costs of inspection”.
Although the town did not enforce the permit requirements for the first six excavations, neither laches, nor estoppel prevent it from enforcing its ordinance with regard to the seventh excavation. (See Town of Union v J & M Pallet Co., 50 AD2d 628, City of Yonkers v Rentways, 304 NY 499.)
Subdivision 2 of section 267 of the Town Law grants the power to the Town of Porter to delegate to its board of zoning appeals the authority to hear and decide matters other than those specifically mentioned in the enabling act. (Town Law, § 261.) It is clear that the town had followed the most commonly used technique in implementing this authority with regard to major excavations by requiring that a special permit be issued under section 551.2. (Anderson, NY Zoning Law and Prac, § 19.01.)
The ordinances in issue, regulating major excavations grad *45 ing and filling constitute a proper area of concern and are within the jurisdiction of the town. (Sheafer v Breen, 263 App Div 135; Orr v Baltimore & Ohio R.R. Co., 168 App Div 548.)
Because of the massive proportions of the proposed excavation the people of the Town of Porter have more than an emotional stake in the 900 acre fenced-in area where defendant conducts its operations. Not only does the proposed landfill No. 7 fall within the definition of major excavation as defined in section 202 (subdivision M-01, par c) of the town ordinance as conceded by Chem-Trol but also of section 202 (subd M-01, par d) "a change in ground elevation exceeding five feet”, since it appears that the final product of the landfill will be a plateau some 20 feet above the original ground level. Furthermore, the requirements imposed by section 551.2 and subdivision D of section 710.99, are permissible because they are not confiscatory in import but merely regulatory. (West-wood Forest Estates v Village of South Nyack, 23 NY2d 424; Fox Meadow Estates v Culley, 233 App Div 250, affd 261 NY 506.)
Moreover, section 551.2 squares with the present subdivision 23 of section 130 of the Town Law, which authorizes towns to adopt rules and regulations pertaining to sand pits, quarries, topsoil and other excavations. Defendant contends that in 1968 when section 551.2 was enacted, subdivision 23 of section 130 of the Town Law excluded the towns of Niagara County from formulating such rules and regulations. However, section 130 of the Town Law was amended in 1972 allowing all towns in the State to adopt and formulate such rules and regulations and it was not necessary for the Town of Porter to re-enact the town ordinance to make it presently enforceable.
Also, this court does not agree with defendant’s contention that the State Environmental Conservation Law pre-empted the Town of Porter from exercising zoning control in the situation before us. The express legislative intent is to provide for the co-existence of "local planning activities” with the act. (ECL 27-0101.) More specifically, "Any local laws, ordinances or regulations of a * * * town * * * which comply with at least the minimum applicable requirements set forth in any rule or regulation promulgated pursuant to this title shall be deemed consistent with this title or with any such rule or regulation.” (ECL 27-0511.)
It must be recognized that the Town of Porter has a clear interest in protecting the welfare of its residents. Its counsel *46 points out this concern is not only with the eventual effects of the excavations, but also with the possibilities of a detrimental situation which could result if a landfill site became abandoned in an incompleted state. It is obvious the town, through the ordinances in issue, makes no effort to prevent such excavations but only desires to reasonably monitor, regulate and control the use of land within its limits.
The preliminary injunction is granted.