■ In the Matter of SHELLEY BOXER, Individually and as President of FURNACE DOCK CONDOMINIUM, et al., Respondents, v TOWN BOARD OF THE TOWN OF CORTLANDT et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to annul a certain resolution of the appellant town board which, *inter alia,* (1) reversed a decision of the planning board and (2) approved the application of appellant Baltic Estates, Inc., for site development plan approval, the appeal is from a judgment of the Supreme Court, Westchester County, entered June 27, 1977, which annulled the resolution and declared that section 65.7 of the Code of the Town of Cortlandt is invalid, null and void. Judgment affirmed, with $50 costs and disbursements payable jointly by appellants, on the opinion of Mr. Justice Slifkin at Special Term. We add that a fair reading of subdivision 3 of section 274-a of the Town Law, enacted in 1976, shows the intent to deprive the town board of appellate jurisdiction over site development plans upon which a town planning board has duly acted. Further, the "saving clause" (L 1976, ch 272, § 10), which preserved from impairment "the continued validity * * * of any action" taken prior to the effective date of the 1976 legislation, is not relevant to the site plan proceedings herein, since those commenced after the effective date of the new statute. We reject an interpretation of "action" which would include the re-enactment of a section of a town code which purported to reserve to the town board appellate jurisdiction over site development plans. Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.

■ In the Matter of LUCILLE FORE, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated May 11, 1976 and made after a statutory fair hearing, which affirmed a determination of the local agency to reduce petitioner's public assistance in order to recoup overpayments in the amount of public assistance furnished to petitioner during the time her husband was allegedly living in the household. Determination annulled, on the law, without costs or disbursements, petition granted, and respondents are directed to reinstate in full petitioner's public assistance grant, and to pay back so much of the grant as has been withheld from her. The sole evidence submitted by the agency at the hearing was hearsay. Uncorroborated hearsay evidence does not constitute the substantial evidence upon which an administrative decision must be based *(Matter of Ayala v Toia,* 59 AD2d 739). In addition, there was no proof, hearsay or otherwise, as to petitioner's husband's willingness to support his family or as to the amount of his earnings (see *Holmes v Wyman,* 40 AD2d 50). The presumption that petitioner has undisclosed resources should have been substantiated by some evidence (see *Matter of Stanco v Toia,* 59 AD2d 946). In its absence, this determination cannot be upheld. Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.