◼ In the Matter of SADIE MANDY, Petitioner, v BARBARA BLUM, as Acting Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated March 1, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue a grant of aid to dependent children to the petitioner because of her husband's presence in her house. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to reinstate in full petitioner's public assistance grant, and to pay back so much of the grant as has been withheld from her. The State commissioner affirmed the determination of petitioner's grant of aid to dependent children after finding that credible evidence supported the local agency's determination that her husband was residing with her. In addition, the State commissioner found that petitioner had concealed facts about her husband's employment. The State commissioner's determination was based on the following evidence: a judgment against the husband listing his

address as that of petitioner; the fact that the husband listed petitioner's residence on his welfare pension fund; and a postal inquiry. The evidence used to support this determination does not even approach the substantial evidence needed to sustain it (see *Matter of Fore v Toia,* 60 AD2d 913). Even if petitioner willfully withheld information of her husband's employment or residence, her misconduct cannot deprive her minor children of assistance without a showing of a present lack of need and her husband's willingness to contribute to their welfare (see *Matter of Farrone v Toia,* 61 AD2d 983; *Matter of Palermo v Toia,* 56 AD2d 889; *Matter of Westby v Berger,* 54 AD2d 911; *Holmes v Wyman,* 40 AD2d 50). Hopkins, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.