*1074 OPINION OF THE COURT
Robert H. Wagner, J.
Two issues are presented for determination by the court. The first issue is whether the petitioners are time barred by section 274-a of the Town Law from taking an appeal from the decision of the planning board. The second issue is whether the Planning Board of the Town of Penfield, which has the sole power of final site plan approval, acted properly in approving the petitioners’ final site plan conditionally upon the town board’s consent and upon the town board’s subsequent rejection, refusing to issue final approval.
I find petitioners are not time barred by section 274-a of the Town Law from seeking review of the planning board’s decision and that the planning board unlawfully and improperly conditioned petitioners’ final site plan approval upon the town board’s granting approval.
The factual background here bespeaks of the uncertainty of all involved concerning the roles and duties of the planning board and the town board as far as the applicable laws and ordinances involving site plan approval and appeals procedures are concerned.
On April 28, 1978 the petitioners made application to the planning board for an advertised public hearing for final site plan approval of their proposed convenience liquor store pursuant to section 29-15(11) of the Code of the Town of Penfield.[1] On June 20, 1978 the Zoning Board of Appeals granted the petitioners a front setback variance and although it denied a variance for parking, subsequently on August 15, 1978, this latter variance was also granted.
By resolution dated Monday, July 10, 1978, the planning *1075 board approved the petitioners’ application subject to certain conditions. The only condition here in dispute is item No. 19 which requires: "Construction to begin within one (1) year after the date that the resolution for final site plan approval by the Town Board has been filed with the Town Clerk.” On July 17, 1978, the town board referred the matter "back to the Planning Board to address Town Board concerns of in-front parking preservation of walnut tree and consideration of common access with Bolger property, resolution to be returned to Town Board by August 7, 1978.” It also adopted a "Final Site Plan Approval” resolution which purported to delegate final site plan approval to the planning board pursuant to sections 6-4, 29-14E and 29-15(11) of the Code of the Town of Penfield and section 274-a of the Town Law. Thereafter, the planning board, pursuant to the directive of the town board, again referred the matter to the town board and on August 7, 1978, the application was defeated by the town board by a three to one vote with one member absent.
On September 1, 1978, the petitioners attempted to obtain the signature of Charles Ackerman, Director of Public Works, who refused to sign the site plan approval and issue a building permit because the petitioners had failed to obtain the town board’s approval as required by condition No. 19 imposed by the planning board. On the same day, petitioners appealed Mr. Ackerman’s refusal to the Zoning Board of Appeals pursuant to section 267 of the Town Law. On September 19, 1978, the Zoning Board of Appeals met to consider petitioners’ appeal. The transcript of that meeting shows that petitioners’ attorney explained that section 29-15(11) of the Code of the Town of Penfield, which provided final site plan approval in the planning board, was enacted in 1965. However, until the enactment of section 274-a of the Town Law in 1976, the town had no power to delegate full authority for site plan approval and the planning board action was restricted to advisory recommendations. Delegation of final site plan approval to the planning board, therefore, became effective in 1976. The transcript further indicates that the meeting was adjourned so that the town’s attorney could research the law concerning whether the town board or the planning board had the power of final site plan approval. The town’s attorney stated: "I would suggest that at some point in the history of this Town, the Town Board seized for itself by what I will presume to be *1076 lawful process, final site plan review. What I have to do is research that and advise both yourself and this Board.”[2] On October 17, 1978 the Zoning Board of Appeals reversed the refusal by the Director of Public Works, Charles Ackerman, to sign the petitioners’ site plan and to issue a building permit. Ironically, Mr. Ackerman is also the clerk of the Zoning Board of Appeals and in that capacity prepared and signed the official resolution of the Zoning Board of Appeals. This resolution contained three terms and conditions, the third one being: "The applicant’s attention is directed to Condition of Approval number 19 contained in the Planning Board’s Resolution dated July 10, 1978.”
The petitioners allege that the resolution signed by Mr. Ackerman does not accurately reflect the motion acted upon by the Zoning Board of Appeals. In support of their contention, the petitioners submit an affidavit from Henry Schnepf, a member of the Zoning Board of Appeals who states that the resolution signed by Mr. Ackerman is inaccurate in that "condition three has been added.”
On October 19, 1978, after the Zoning Board of Appeals had rendered its decision but before petitioners had received the resolution prepared and signed by Mr. Ackerman as clerk of the Zoning Board of Appeals, the petitioners submitted their plan to Mr. Ackerman, as Director of Public Works, for approval. Thereafter, petitioners received a letter dated October 27, 1978 from Anthony La Fountain, assistant to Mr. Ackerman as Director of Public Works, setting out numerous conditions required to be satisfied before the signature of Mr. Ackerman could be obtained. Condition No. 24 was: "Compliance with Item #19 contianed [sic] in the Planning Board’s Resolution dated July 10, 1978.”
The petitioners then applied to the planning board at its November 13, 1978 meeting for final site plan approval and/or to correct the language on the existing resolution by dropping the requirement of the town board’s approval. By resolution dated December 11, 1978, the planning board determined that it did not have the power to entertain the application for site plan approval since the petitioners had not demonstrated any substantial change from the previous application. To the extent the petitioners sought to have the prior resolution *1077 corrected, the planning board found that the language requiring town board approval was correct.
In December, 1978 and again in January, 1979 the petitioners resubmitted their plan for signature to Mr. Ackerman in his capacity as Director of Public Works but he refused to sign it. Petitioners then instituted this proceeding seeking various forms of relief.[3]
Before addressing the issues raised in this proceeding, I pause to observe that all variances have been obtained, approvals from the town engineer, water authority, highway superintendent and sewer superintendent have been obtained, and all conditions imposed by the planning board for final site plan approval have been satisfied and are not here in dispute except item 19 which requires site plan approval by the town board. With the dispute so narrowed, I turn first to a consideration of the timeliness of petitioners’ proceeding.
The respondents assert that since petitioners failed to seek review within 30 days of the July 10, 1978 decision of the planning board, they are now time barred under section 274-a of the Town Law from seeking a review of the planning board’s decision.
Regardless of whether July 10, 1978, August 7, 1978 or December 13, 1978 is considered as the date of the planning board’s decision, the petitioners’ time to seek review under section 274-a of the Town Law has not expired. Section 274-a of the Town Law provides: "3. Any person aggrieved by any decision of the planning board or any officer, department, board or bureau of the town, may apply to the supreme court for review by a proceeding under article seventy-eight of the civil practice law and rules. Such proceeding shall be instituted within thirty days after the filing of a decision in the office of the town clerk. The court may take evidence or appoint a referee to take such evidence as it may direct and report the same with his findings of fact and conclusions of law, if it shall appear that testimony is necessary for the *1078 proper disposition of the matter. The court at a special term shall itself dispose of the cause on the merits, determining all questions which may be presented for determination.”
By the explicit terms of the statute the petitioners’ time to seek review does not begin to run until "thirty days after the filing of a decision in the oíñce of the town clerk”. (Emphasis added.) The affidavit of Mary Westbrook, the deputy town clerk of the Town of Penfield states that neither the July 10, August 7, nor December 11, 1978 resolutions of the planning board were ever filed in the office of the town clerk. The respondents have not challenged the accuracy of this affidavit. Since the planning board decision was not filed in the town clerk’s office, the petitioners’ time to seek review has not run (see, generally, Matter of East Fishkill Federation for Environmental Conservation Today v Ward, 56 AD2d 652; Brachfeld v Sforza, 114 NYS2d 722; Stanley v Board of Appeals of Vil. of Piermont, 168 Misc 797).[4]
In the arguments before this court and in their papers submitted, counsel for both parties now agree that final site plan approval is vested in the planning board and has been since the enactment of section 274-a of the Town Law in 1976. Prior to the enactment of section 274-a the planning board’s recommendations were advisory only. However, the enactment of section 274-a of the Town Law gave life to the pre-existing section 29-15(11) of the Code of the Town of Penfield (Matter of Stato v Squicciarini, 59 AD2d 718, app dsmd 44 NY2d 816; Town of Porter v Chem-Trol Pollution Servs., 91 Misc 2d 42, revd on other grounds 60 AD2d 987).
By finally denying the application, the town board, in effect, attempted to exercise appellate jurisdiction over the final site plan approval. In Matter of Boxer v Town Bd. of Town of Cortlandt (60 AD2d 913), a planning board approved an application for site plan approval but the town board denied it. In affirming Special Term’s reversal of the town board’s action, the Appellate Division, Second Department, stated (p 913): "We add that a fair reading of subdivision 3 of section 274-a of *1079 the Town Law, enacted in 1976, shows the intent to deprive the town board of appellate jurisdiction over site development plans upon which a town planning board has duly acted.”
Although Boxer (supra) involved a situation where the town board by local ordinance attempted to reserve the right to review the planning board’s action, the same reasoning would seem applicable where, as here, the planning board granted final site plan approval and the town board while purporting to delegate final site plan authority to the planning board, ordered the resolution sent back to it and then proceeded to deny the site plan approval.
Additionally, it is settled that the "exercise of zoning and planning functions by a town is purely statutory, as a delegation from the State” (Nemeroff Realty Corp. v Kerr, 38 AD2d 437, 441, affd 32 NY2d 873). Though the town board does not have to create a planning board nor does it have to authorize final site plan approval in the planning board, once it does so, it is bound by the enabling statute.
Here, the enabling statute, subdivision 1 of section 274-a of the Town law, provides that the town board may authorize the planning board to "approve, approve with modifications or disapprove site plans”. Under this statute and the local ordinance only preliminary and final authority could be delegated as there is no provision for any sharing or division of authority and responsibility between the planning and town boards.
The town board itself recognized reasons for this in its July 17, 1978 resolution purporting to delegate "the sole recognized right to grant preliminary and final site plan approval” to the planning board wherein it stated: "Planning Board members * * * develop an expertise in land use planning and are well qualified as a body to make final site plan decisions, and * * * the present practice of Town Board approval of a Planning Board recommendation is often a pro forma exercise, involving delay to the applicant and duplication of effort on the part of the boards and employees of the town”.
In accordance with all of the foregoing, I hold that the planning board acted improperly and unlawfully in conditionally granting petitioner’s final site plan approval upon the town board’s granting approval. The town board was without jurisdiction to reject the petitioners’ site plan approval and its purported denial was a nullity.
Since the record is clear that the planning board duly considered the factors specified in section 274-a of the Town *1080 Law and section 29-15(11) of the Code of the Town of Penfield and found favorably for the petitioners, the petitioners are entitled to final site plan approval.
The application for a restraining order is denied.

. This section provides: "Prior to issuing a building permit for the construction of a building on a lot in any district, except for a one-family dwelling, the Building Official shall refer the site plan of such lot to the Planning Board for its review and approval. This review shall include, but is not limited to the following: (1) Adequacy and arrangement of vehicular and pedestrian traffic access and circulation; (2) Location arrangement and sufficiency of off-street parking; (3) Location of the building or buildings on the premises; (4) Adequacy, type and arrangement of trees, shrubs and other landscaping constituting a buffer between these adjoining lands; and (5) In the case of an apartment house or multiple dwelling, the adequacy of usable open space, including recreational areas. (6) Adequacy of the provision for the disposal of storm-water and sanitary wastes. Except for one-family dwellings, no building permit shall be issued except in accordance with a site plan that has been approved by the Planning Board.”

. It may be noted at this point that no such local law has been alleged or shown to this court.

. First, the petitioners seek an order in the nature of mandamus directing Charles Ackerman, as Director of Public Works, to sign the site plan and issue a building permit. Second, they seek a judgment declaring that in July and August of 1978 the town board did not have jurisdiction to approve or deny site plan approval or in the alternative a review of the December 11, 1978 determination of the planning board that it does not have the power to entertain the application for site plan approval. Finally, petitioners seek a restraining order preventing the respondents from further delaying and harassing the petitioners.

. In passing, under the unique circumstances presented here, the fact that the decision has not yet been filed does not render the proceeding premature (see, generally, Hennessy Assoc, v Griffin, 155 NYS2d 378). The record here is complete and makes clear the planning board’s decision so as to permit meaningful judicial review. In addition, the parties do not dispute what the decision of the planning board was and no prejudice can possible result to the respondents. Moreover, it was the planning board’s statutory duty to immediately file its decision (Town Law, § 274-a, subd 2).