Hon. Lawrence Praga Office of Corporation Counsel, Binghamton
We have your letter requesting our opinion as to whether the City Council of the City of Binghamton may override or amend decisions of the City Planning Commission relating to special permits and decisions of the City Zoning Board of Appeals relating to variances.
You state in your letter that the Planning Commission was created pursuant to provisions of the General Municipal Law and you point out that pursuant to sections 702 and 703 of the Binghamton Code, the Planning Commission has the power to grant special permits and to approve development plans.
You further state that the Zoning Board of Appeals was created pursuant to the provisions of the General City Law and you point out that its powers and duties are set forth in section 711 of the Zoning Ordinance.
As you observe General City Law, § 30-a (3) provides that any person aggrieved by a decision of the planning commission may institute an Article 78 proceeding within thirty days after the decision has been mailed to the applicant and filed with the City Clerk, and that General City Law, § 82 (1) provides that any person aggrieved by a decision of the board of appeals may institute an Article 78 proceeding within thirty days after the decision has been filed in the office of the board.
In an informal opinion of this office reported in 1971 Opinions of the Attorney General, 151 (copy enclosed), we concluded that a town board may not restrain, overrule or make the decisions of a planning board subject to town board approval. In support of our conclusion we relied uponWalton v Town of Brookhaven, 41 Misc.2d 798 (1964); see also, Matter ofBoxer v Town of Cortlandt, 60 A.D.2d 913 (1978).
In our opinion, the reasoning set forth therein applies as well to the City Council. Where a State statute authorizes a planning commission to issue special permits and a board of appeals to issue variances, the authority exists for the purpose and is to be exercised in the form and manner contemplated by the State statute. Accordingly, it would be improper for the City Council to act other than in compliance with the State statutory provisions.