■ In the Matter of ROSABELLE WRIGHT, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent State commissioner dated August 31, 1978 and made after a statutory fair hearing, as affirmed so much of a determination of the local agency as reduced petitioner's grant of aid to dependent children on the grounds that (a) the father of one of the children was living in the household and was responsible for the child's support and (b) petitioner failed to apprise the agency of the presence of the man in the household and of his contributions thereto. Petition granted to the extent that the determination is annulled insofar as reviewed, on the law, without costs or disbursements, and matter remanded to the respondents for further proceedings not inconsistent herewith. There is substantial evidence to support the finding that Dorsey Speed, the adjudicated father of Donna Speed, one of petitioner's four children, was living in petitioner's household. However, before the grant of public assistance to the dependent child may be eliminated there must be proof—not found in the present record—that her adjudicated father has income available to support her so that she does not require public assistance (see 18 NYCRR 369.2; *Matter of Fore v Toia*, 60 AD2d 913). Before eliminating petitioner's public assistance, it must be established that the amount of income Mr. Speed has available and which he contributes to petitioner for her support makes her ineligible for public assistance. The mere presence of a man in the household, even one who is legally responsible for the support of one of the dependent children residing therein, is not sufficient to obviate the need for public assistance for the petitioner or the child. Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE ANTIERI, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered April 9, 1980, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.