Terry Rice, Esq. Village Attorney, Suffern
You have asked about the validity of certain provisions of a village local law requiring that persons seeking to convert apartment buildings into condominiums or cooperatives first comply with certain regulations.
The local law requires the submission to the planning board of an application with a site plan and establishes standards for review of the application. In your letter you specifically requested our review regarding those standards requiring the provision of parking space; storage space for personal belongings; common storage areas for bicycles, carriages and other equipment; and the reservation of land for recreational purposes or, in the event this is not possible or is impractical, the contribution of money to the village recreation fund. Under the local law, the planning board makes a recommendation to the board of trustees, which may adopt, modify or overrule the recommendation.
Specific authority for site plan review is provided by section 7-725 of the Village Law. The section authorizes the adoption of a local law providing for planning board review of site plans (id., subd [1][a]). Under this provision the local law would specify the uses subject to such review and the required elements of a site plan submitted for approval (ibid.). These elements may include:
 "those relating to parking, means of access, screening, signs, landscaping, architectural features, location and dimensions of buildings, impact of the proposed use on adjacent land uses and such other elements as may reasonably be related to the health, safety and general welfare of the community."
Under subdivisions (1)(a) and (3) the planning board may approve, approve with modifications or disapprove site plans. Judicial review of the board's decision is under the provisions of Article 78 of the Civil Practice Law and Rules (CPLR).
Your local law differs from section 7-725 in that under its provisions the planning board makes a recommendation to the board of trustees, which then makes the final decision. However, Article 7 of the Village Law is not the only authorization for zoning regulations. Villages are authorized to amend or supersede any provision of the Village Law relating to its property, affairs or government or to other matters in relation to which it is authorized to adopt local laws, notwithstanding that such provision is a general law, unless the Legislature expressly has prohibited the adoption of the proposed local law (Municipal Home Rule Law, § 10[1][ii][e][3]). In construing a similar provision for towns (id., § 10[1][ii][d][3]), the Appellate Division decided that towns are authorized to adopt zoning regulations by local law under the Municipal Home Rule Law and therefore may amend or supersede zoning provisions in the Town Law (Matter of Sherman v Frazier, 84 A.D.2d 401 [2d Dept, 1982]). The court cited Municipal Home Rule Law, §10(1)(ii)(a)(14), which authorizes towns, villages, cities and counties to adopt local laws to exercise the powers granted to them in the Statute of Local Governments (Matter of Sherman v Frazier, supra, at 409). The court concluded that since the Statute of Local Governments, § 10(6) grants to towns (also villages and cities) the power to adopt, amend and repeal zoning regulations, it follows that a town board may adopt zoning regulations by local law under the Municipal Home Rule Law (ibid.). Since villages and towns are covered by substantially similar statutory provisions, it follows that villages by local law may amend or supersede zoning provisions of the Village Law. Villages may also adopt local laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein (Municipal Home Rule Law, § 10[1][ii][a][12]). This is the grant of the police power, which in our opinion is additional authority for local zoning and planning regulations.
Utilizing the above-cited authority, we believe that a village by local law may amend or modify the provisions of section 7-725 of the Village Law to provide for the planning board to make a recommendation to the board of trustees regarding site plan applications, and for the board to adopt, modify or overrule the recommendations. The determination would remain subject to judicial review under Article 78 of the CPLR. A local government is unauthorized to adopt a local law superseding a State statute that applies to or affects the courts (Municipal Home Rule Law, § 11[1][e]). We note that it has been held that town boards, acting under a parallel provision of the Town Law (§ 274-a), may not review planning board decisions on site plan applications (Matter of Boxer v Townof Cortlandt, 60 A.D.2d 913 [2d Dept, 1978]; Matter of Spinosa vAckerman, 98 Misc.2d 1073 [Sup Ct, Monroe Co, 1979], affd 72 A.D.2d 976
[4th Dept, 1979]). However, in neither of these cases had the town adopted a local law amending or modifying the provisions of section274-a of the Town Law and the decisions were founded on inconsistency with the State statute (see Municipal Home Rule Law, §10[1][ii][d][3]).
Having disposed of the procedural elements of the local law, next is the broader question whether site plan review of proposed condominium and cooperative conversions is authorized. We believe that under section 7-725 of the Village Law and utilizing the authority to adopt local laws in relation to zoning and in exercising the police power, a village may establish a site plan review procedure for proposed conversions of apartments into condominiums or cooperatives. The broad grant of the police power is limited by the requirement that its use must be reasonable (French Inv. Co. v City of New York, 39 N.Y.2d 587, 595-6
[1976], appeal dismissed 429 U.S. 990 [1976]). A zoning regulation is unreasonable under traditional police power and due process analysis, if it encroaches on the exercise of private property rights without substantial relation to a legitimate governmental purpose (ibid.). A legitimate governmental purpose is one which furthers the public health, safety, morals or general welfare (ibid.). In our opinion, regulations assuring the adequacy of storage, parking and recreational facilities is in furtherance of the public health, safety and general welfare. Section 7-725 of the Village Law specifically lists as elements that may be required in a site plan the provision of parking and of other elements as may reasonably be related to the health, safety and general welfare of the community. Further, utilizing the authority to adopt local laws in relation to zoning and in exercising the police power, a village may amend or supplement the provisions of section 7-725 to permit additional requirements for site plan approval (Municipal Home Rule Law, §10[1][ii][e][3]). A local legislative finding that the provision of adequate storage space, parking facilities and recreational land is needed by condominium or cooperative dwellers in the community would support the reasonableness of the regulation.
We note that in Riegert Apts v Planning Board, 57 N.Y.2d 206 (1982) the Court of Appeals decided that under section 274-a of the Town Law (substantially the same as section 7-725 of the Village Law), a town may not require as a condition of site plan approval the delivery to the town of land or money in lieu of land for the development of parks. The Court reached its decision solely by construing sections 274-a
and 277 of the Town Law. Section 277 expressly authorizes the planning board to require as a condition of subdivision plat approval the setting aside of park land or a payment to the town for the purchase of park land. (Section 7-730 of the Village Law authorizes such a requirement in villages.) The Court reasoned that section 277 does not apply to site plans and that section 274-a was later enacted to permit approval of site plans. But the Court rejected a broad reading of section 274-a to allow a requirement that land or money in lieu of land be set aside for park purposes as a condition of site plan approval.
 "Otherwise, a town would be able to exact a toll twice from the same development: once when the developer seeks approval of the plat; the second time when individual lot owners seek approval of the building plans for their homes. There would, of course, be no real justification for a planning board to demand from the individual lot owners land or money for parks when the developer's contribution has already been received. By expressly providing for public park dedication in section 277 plat approval and by omitting any reference to parks in section 274-a, the Legislature intended that the burden of major community concerns such as parks be placed on the developer, not the individual lot owner."
In concluding that a village might condition site plan approval on the set aside of money or land for parks, we rely on the authority of a village to adopt site plan regulations by local law under the Municipal Home Rule Law and thereby to amend or supplement section 7-725 of the Village Law. In light of the above-quoted language from the Reigert
opinion however, a village should expressly exempt from such a set aside requirement a property owner whose property is part of a subdivision that was approved on the condition that land or money be set aside for park purposes. Since site plan approval is generally required only for certain uses posing special zoning and planning considerations, such a provision will rarely require implementation.
We do not believe that the local law on its face is violative of equal protection standards. While under the local law, site plan review is not required for apartment complexes but is required in the event of a proposed conversion of an apartment building to condominium or cooperative use, this distinction based on ownership is not without a rational basis. Apartment dwelling tends to be temporary, suiting the needs for example of those who are transient, or of young people who are saving to buy a home. The purchase of a condominium or cooperative, on the other hand, tends to be a more long-range solution to housing needs. A legislative determination based upon local conditions that minimum storage, parking and recreational facilities are necessary incidents of condominium or cooperative dwelling but not of apartment dwelling appears to be a rational distinction. Zoning regulations, like most legislative police power enactments, are invested with a strong presumption of constitutionality (Huntington v Park Shore, 47 N.Y.2d 61 [1979]). There exists a heavy burden to demonstrate that a zoning regulation is violative of equal protection standards (ibid.). Provisions of a zoning ordinance distinguishing similar uses based upon the nature of ownership have been upheld (ibid.).*
In a case examining whether a town had exceeded its powers by creating a residence district providing, among other uses, for a "Retirement Community District" the Court of Appeals stated:
 "That the `users' of the retirement community district have been considered in creating the zoning classification does not necessarily render the amendment suspect, nor does it clash with traditional `use' concepts of zoning. Including the needs of potential `users' cannot be disassociated from sensible community planning based upon the `use' to which property is to be put." Maldini v Ambro, 36 N Y 2d 481, 487 (1975), appeal dismissed 423 U.S. 993
(1975).
Section 352-eee of the General Business Law regulates the conversion of buildings into condominiums and cooperatives and is applicable in those cities, towns and villages in Nassau, Westchester and Rockland Counties that have adopted a resolution electing such coverage. You informed us that your village has adopted a resolution making the provisions of section 352-eee applicable in the village and ask whether the State statute preempts the field to the exclusion of the village site plan regulations. Generally, section 352-eee prohibits the offering for sale of residential cooperative apartments or condominium units until the "offering statement" or "prospectus" for the contemplated offering has been accepted for filing by the Attorney General (id., §§ 352-eee[2] and 352-e[1]). We have said that the conversion of rental residential complexes into cooperative or condominium units is a matter of State concern governed by State law which may not be modified by local enactments (1980 Op Atty Gen [Inf] 204). However, we see no inconsistency between the local regulations described earlier and these provisions of the General Business Law. The State statutory provisions afford tenants certain protection of their rental interests in the event of a proposed conversion, a subject not covered by your local regulations.
We conclude that villages are authorized to require persons seeking to convert apartments into cooperatives or condominiums to file a site plan with the planning board indicating the provision of adequate parking, storage and recreational facilities. The local regulation may require the planning board to submit its recommendations to the board of trustees.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* The zoning ordinance permitted tennis courts in a residential zone if the courts were associated with private schools, day camps and health camps, or if not operated as a business.