■ In the Matter of CATHERINE MURRAY, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated January 27, 1982 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's public assistance. Petition granted and determination annulled, on the law, without costs or disbursements, and respondents are directed to reinstate in full petitioner's public assistance grant. The State commissioner affirmed the local agency's determination to terminate petitioner's grant of aid to dependent children upon a finding that the record contained sufficient evidence that the children's father resided in petitioner's household. The State commissioner rejected petitioner's testimony to the contrary as not credible. What the State commissioner found credible was a postal inquiry form stating that the father resided at petitioner's address and statements reaching the same conclusion by an agency investigator that were presented in hearsay form by an agency representative at the fair hearing. The investigator based this conclusion upon information from third parties that the father did not reside at a different address, upon the answering of petitioner's telephone by the father on August 25, 1981, and upon petitioner's apparent lack of candor in denying any contact with the father since 1979 minutes before the August 25 telephone conversation with the father. The State commissioner additionally took into account an alleged admission by petitioner that the father visited her "at dinner times", even though that statement is dehors the record. The record did not contain substantial evidence supporting the State commissioner's conclusion that the father of the children was a *resident* in petitioner's home (see *Matter of Henny v Weinberg,* 80 AD2d 831; *Matter of Mandy v Blum,* 67 AD2d 1002; *Matter of Fore v Toia,* 60 AD2d 913; *Matter of Ayala v Toia,* 59 AD2d 739). Moreover, even if petitioner had neglected her duty to provide information to the agency about responsible relatives, the record would not support the determination to terminate assistance because of the failure to demonstrate that the children were no longer in need of such assistance (see *Matter of Gunn v Blum,* 48 NY2d 58; *Matter of Mandy v Blum, supra; Matter of Brennin v Kirby,* 79 AD2d 396, 400-401, mot for lv to app dsmd 54 NY2d 830). Accordingly, the determination must be annulled and the grant of public assistance reinstated. Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.