*530 OPINION OF THE COURT
Robert F. Doran, J.
In May 1987, petitioners submitted an application to the Town Planning Board of the Town of Coeymans for permission to subdivide a 6.62-acre parcel of land into two lots. That application was withdrawn because petitioners were informed the land in question was subject to deed restrictions limiting it to agricultural use only.
Subsequently, petitioners revised their application to seek approval for a four-lot subdivision. The application was submitted to the Town Planning Board for consideration at the meeting held on September 2, 1987. Proof was allegedly submitted that the deed restrictions had never become effective.
The Planning Board scheduled a public hearing, which was held on September 16, 1987. At the conclusion of the hearing, the Chairman of the Town Planning Board stated that the application would have to be submitted to the Albany County Planning Board for its review.
The record supports petitioners’ contention that they did not consent to any extension of the time within which the Town Planning Board had to make its determination under the Town Law. The Planning Board gave the application no further consideration until its meeting of November 4, 1987, which was 49 days after the conclusion of the public hearing and which was also after the time in which petitioners had submitted an application to the Town Clerk for certification of default approval of the subdivision application by reason of the Planning Board’s failure to act within the statutorily mandated 45 days (Town Law § 276 [4]). The Town Clerk wrote a letter, dated November 12, 1987, which was received by petitioners on November 14, stating, in effect, that there would be no default certification. This proceeding was commenced on December 16, 1987.
Respondents take the position that the proceeding is not timely commenced, since Town Law § 282 provides a 30-day time limit for commencement of a CPLR article 78 proceeding to review a Town Planning Board’s determination or an officer’s determination denying a subdivision application.
Petitioners argue that, even if this were the correct statute to use to measure the timeliness of this proceeding, the 30-day period would run only from the time the Planning Board’s decision was filed in the Town Clerk’s office. Petitioners cite *531 Matter of Spinosa v Ackerman (98 Misc 2d 1073). Reliance on Matter of Spinosa v Ackerman (supra) is misplaced, since that case deals with Town Law § 274-a (approval of site plans) and not with Town Law § 276 (approval of plats). Only the language in Town Law § 274-a requires filing of the decision in a Town Clerk’s office. Section 276 (4) of the Town Law is silent as to the place of filing of any resolution concerning a plat.
The court concludes as follows. First, the action of the Planning Board on November 4, 1987 does not constitute a proper resolution of the Planning Board which conditionally approves, conditionally approves with or without modification, disapproves or grants final approval as required by Town Law § 276 (4). There is no indication in the minutes of the November 4, 1987 meeting that the reasons set forth by Mr. Martin, a Board member, when he moved that the subdivision be denied were the reasons adopted by the full Planning Board. However, such failure to make supportive findings would only make the decision arbitrary and not void (see, Matter of Elwood Investors Co. v Behme, 79 Misc 2d 910, 913). In any case, November 4, 1987 was 49 days after the conclusion of the public hearing and beyond the 45 days required by the statute.
Sending the matter to the County Planning Board — required by General Municipal Law § 239-m — did not toll the 45-day requirement. The record reflects that the County Planning Board gave its report within the required 30 days. The Town Planning Board had the County Board’s recommendation within the 45 days. Clearly, the Town Planning Board did riot make its decision within the required 45 days.
Petitioners also argue that the four-month limitation of CPLR 217 applies and, thus, that this proceeding was timely commenced. However, the court cannot agree with petitioners’ view. Town Law § 282 states that any person aggrieved by a decision of a Planning Board or any "officer” concerning a subdivision plat must commence an article 78 proceeding within 30 days. The refusal of the Town Clerk to provide a default certificate is a decision by an officer affecting a subdivision plat. On the motion to reargue, petitioners claim that the court has misconstrued Town Law § 282. Petitioners state that the language in Town Law § 282 which reads, "or any officer, department, board or bureau of the town,” merely grants to those persons or entities standing to commence an article 78 proceeding. They urge that this language is simply in apposition to the words of the statute which state "Any person or *532 persons, jointly or severally aggrieved” and is merely intended to confer standing upon, for example, a town officer if the officer is not specifically aggrieved. In short, petitioners take the position that it is only a decision of a Planning Board that is covered by Town Law § 282 and, hence, that the four-month Statute of Limitations of CPLR 217 applies. The court continues to disagree with petitioners’ interpretation. From a grammatical standpoint, if petitioners are correct as to the legislative intent of Town Law § 282, the last comma following "bureau of the town,” is not required. That comma lends credence to the court’s position that a decision by "any officer, department, board or bureau of the town” concerning a subdivision plat comes within the purview of Town Law § 282. Even if the court has misconstrued the language of section 282, the court nevertheless construes the total situation as one which seeks relief from a decision of the Town Planning Board within the meaning of Town Law § 282. Here, although we have in effect no decision by the Town Planning Board, that does not mean there is no decision within the meaning of the statute.
A decision to make no timely decision in accord with the 45-day provision of Town Law § 276 is nonetheless a decision under Town Law § 282, and the default certification procedure is merely part of the over-all decisional process of a Planning Board in the approval of subdivision plats under Town Law § 276. Hence, the court still concludes that Town Law § 282 controls as to the timely commencement of this proceeding. Therefore, it is critical to determine in this case when the 30-day period commenced.
The record reflects that petitioners, through their attorney, sent a letter dated November 3, 1987 to the Town Clerk requesting a default certification. The Town Clerk, by letter dated November 12, 1987 and received by petitioners on November 14, 1987, denied the certification. Although the letter does not specifically state that the Clerk would not certify as requested, the tenor constitutes sufficient notice that the Town Clerk was not going to comply with petitioners’ November 3, 1987 request to issue a certificate as to the date of submission to the Town Planning Board and its failure to take action within the prescribed time. Since this proceeding was not commenced until December 16, 1987, the court concludes that the proceeding was not timely commenced if November 12 or 14, 1987 begins the running of the 30-day period. If the court were to find that the period began to run *533 on November 4, 1987, the date of the Planning Board meeting, the proceeding, of course, would still be time barred.
Petitioners attempt to extend the 30-day period by having it commence on November 18, 1987. Petitioners attempt to use November 18 because that date is five business days after the alleged filing of the November 4, 1987 minutes in the Town Clerk’s office on November 11. Since November 11 was a holiday, petitioners allege that, under the Town Clerk’s policy, they could not have obtained inspection of those minutes or copies thereof until November 18, 1987, and they allege that is the date from which the 30 days should be measured. (Nov. 14, 1987 and Nov. 15, 1987 were nonbusiness days.) The court cannot agree.
First, the court would have to hold that the decision of the Planning Board had to be filed in the office of the Town Clerk. The court has examined Town Law § 276 and finds no requirement that there be filed in the office of a Town Clerk any resolution of a Town Planning Board which either conditionally approves, conditionally approves with or without modification, disapproves or grants final approval. Moreover, Town Law § 282 mandates commencing article 78 proceedings "within thirty days after the filing of the decision in the office of the board.”
Unlike Town Law § 274-a, Town Law § 282 doés not specify filing in the office of the Town Clerk but, rather, specifies "filing of the decision in the office of the board.” In the court’s opinion, the legislative intent of Town Law § 282 could well be that the proper office for filing is the office of the Clerk of the Planning Board. In that case, the critical date involved here would be the date the resolution was filed in the office of the Clerk of the Town Planning Board. The record reveals that date was November 5, 1987. On the other hand, the legislative intent of "filing of the decision in the office of the board” could also be interpreted as meaning the office of the Town Clerk. Under Town Law § 30, the Town Clerk of each town shall have custody of all the records, books and papers of the town. Moreover, Town Law § 276 (4) delegates to Town Clerks the duty to issue default certifications.
Even if the court were to hold that the resolution of the Town Planning Board was required to be filed in the office of the Town Clerk before the 30-day period commenced to run, the court would nevertheless conclude that November 11, and not November 18, was the critical date (see, Matter of East *534 Fishkill Fedn. for Envtl. Conservation Today v Ward, 56 AD2d 652). Also, it makes no difference that the minutes of the November 4, 1987 meeting were not finally approved until sometime in December of 1987 (see, Matter of Town of Clinton v Dumais, 69 AD2d 836).
Petitioners stress the fact that they allegedly could not even view the decision in the Town Clerk’s office until November 18, 1987; the record, however, is devoid of any actual attempt by petitioners to view or obtain copies of the documents from the Town Clerk. There is nothing in Town Law § 276 requiring a Town Planning Board to give notice of its decision concerning a plat or requiring the Clerk of that Board, or the Town Clerk for that matter, to give such notice (see, Matter of Griest v Hooey, 205 Misc 396, 399).
Furthermore, Matter of Elwood Investors Co. v Behme (79 Misc 2d 910, supra) holds that the 30-day period starts to run even though the applicant cannot obtain reasons from the Town Planning Board for its decision.
If the court uses the Town Planning Board’s "action”, rather than the Town Clerk’s "action”, November 5, 1987 or, at the latest, November 11, 1987, is the starting date of the 30-day period under Town Law § 282.
Based on all the above, the court grants the motion to reargue, but, on reargument, adheres to its prior decision and allows the relief requested by respondents to dismiss the petition.
Because of the lack of any judicial precedents in point, the court feels constrained to set forth its view as to what the appropriate rule is in a situation where a Town Planning Board has not acted within the required 45 days. It is this court’s opinion that it is the Town Clerk’s action that is critical, and, where a Town Clerk refuses to grant the default certification, the 30-day article 78 commencement period runs from the date the Clerk writes the refusal to grant the default certification. In this case, that date is November 12, 1987.
The analysis of this case suggests to the court that there is a need for the enactment of clarifying changes to the Town Law by the Legislature and the Governor.