OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed with costs (see 95 AD2d 833).
Petitioners own real property located partly in the City of Rye and partly in the Town of Harrison. They pay real property taxes to both municipalities and to the Town of Harrison School District. The property also lies within the Mamaroneck Valley Sewer District, which includes Harrison’s sewer system, and petitioners pay sewer taxes to Westchester County, the Mamaroneck Valley Sewer District and the Town/Village of Harrison Sewer District Number 1. A one-story masonry structure, previously used as a warehouse, is located on the Rye side of the property line. Petitioners seek to convert this building to office space and have received approval from the City of Rye for the conversion subject to establishing sewer facilities. Petitioners sought permission from respondents to hookup with the South Road sewer line in the Town of Harrison, the only sewer line reasonably proximate to petitioners’ property, but respondents denied the application unless petitioners agreed that the number of offices and the size of the parking area would be subject to prior approval of the town. The apparent purpose for the insistence on that condition was to control predicted traffic problems in the area. At least no objection to the use of the sewer line as such was expressed. Petitioners commenced this article 78 proceeding alleging that the Town Board’s conditions were arbitrary, unreasonable and constituted an abuse of discretion.
On this appeal respondents take the position that they possess absolute discretion to grant or deny petitioners’ application to connect with the Town of Harrison sewer line for any reason or for no reason at all and that they cannot be compelled to supply sewer service to a building outside the territorial limits of the town. The short answer *969 to that contention is that the building is on property partly within the town and petitioners pay real estate and sewer taxes to the town. They were thus entitled to have their application considered on the merits, subject to rejection or qualification upon a finding that the proposed connection, because of excessive demands on the system or otherwise, would present problems related to the sewer system or the public health of the town (see Matter of Belle Harbor Realty Corp. v Kerr, 35 NY2d 507, 511; Matter of Bologno v O’Connell, 7 NY2d 155; Matter of Harper v Zoning Bd. of Appeals, 55 AD2d 405, 411-413, affd 43 NY2d 980). Nothing in the record establishes that the development of petitioners’ property will create such problems and rejection of their application because of anticipated traffic congestion in the area created by the new use was arbitrary and capricious because unrelated to the proposed sewer connection.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.