■ In the Matter of ROLF OLSEN, Appellant, v TOWN BOARD OF THE TOWN OF SAUGERTIES, Respondent.—Levine, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 6, 1989 in Ulster County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for a license and certificate of approval to operate a junk yard.

Petitioner operates an automobile repair and restoration business on land he owns adjoining State Route 212 in the Town of Saugerties (hereinafter the Town), Ulster County. In early 1988, he was notified by the Town's Chief of Police that he was operating a junk yard by storing a number of disabled vehicles on his property without a license, in violation of General Municipal Law § 136, and he was directed to remove the junk vehicles. In April 1988, petitioner applied to respondent for a license and certificate of approval pursuant to General Municipal Law § 136 (4) to maintain a junk yard in two locations on his property encompassing a two-acre area.

In accordance with the statutory directive (General Municipal Law § 136 [5]), respondent held a hearing on petitioner's application on May 5, 1988. At the hearing, various local residents, including a group calling themselves the Saugerties Concerned Citizens, expressed opposition to the application and to an alleged widespread incidence of illegal junk yards in the Town. The Town Supervisor announced that no action could be taken on the application until the matter had been processed under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and another hearing would have to be held. In compliance with respondent's request, petitioner submitted an environmental assessment form (hereinafter EAF) under SEQRA, dated June 29, 1988. Respondent then scheduled a hearing on the EAF for July 22, 1988. However, at respondent's regularly scheduled meeting of July 20, 1988, the issue was raised by the same citizens' group, following which respondent voted to deny the application. Petitioner received written notice that his application was denied but that he could reapply "[o]nce you have removed the presently illegally located junk cars". Petitioner then brought this CPLR article 78 proceeding to challenge the license denial, and appeals from Supreme Court's dismissal of the petition.

We affirm. Contrary to petitioner's contention, there is authority under General Municipal Law § 136 for respondent to have considered, as a ground for denying the license, the fact that petitioner was then knowingly in illegal operation of a junk yard. The statute's statement of legislative intent identifies "unrestrained accumulation of junk motor vehicles [as] a hazard to [the] health, safety and welfare of citizens of the state" (General Municipal Law § 136 [1]). It directs the local licensing authority to consider "the *suitability* of the applicant with reference to his ability to comply with the * * * reasonable regulations concerning the proposed junk yard * * * and to any other matter within the purposes of this section" (General Municipal Law § 136 [6]) (emphasis supplied). Prior or existing willful violations of the statute constitute, in our view, legitimate factors bearing on the suitability of an applicant. Moreover, the general, long-settled law is that a licensing official has implicit discretion to pass upon the fitness of an applicant (*Matter of Barton Trucking Corp. v O'Connell,* 7 NY2d 299, 308-309). Prior violations of law have often been viewed as relevant on the issue of a license applicant's fitness (*supra; see, Matter of Berger v Leach,* 103 AD2d 1018; *Matter of Davis v Broderick,* 25 AD2d 851).

Petitioner has failed to establish any procedural irregularity requiring annulment. The May 5, 1988 meeting of respondent satisfied the statutory hearing requirements (General Municipal Law § 136 [5]). The license issuance requested here was an action which, under SEQRA, could not have been approved without environmental review (ECL 8-0105 [4]; 8-0109 [2]). Petitioner's EAF was not submitted until the end of June 1988. Notwithstanding the requirement of General Municipal Law § 136 (9) that a decision on a junk yard license application should be made within two weeks following the hearing, respondent acted reasonably in adjourning the matter for purposes of compliance with SEQRA (see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, 369, affd 62 NY2d 965). In any event, in the context of the entire statutory scheme and its purposes, we find the time limit in General Municipal Law § 136 (9) to be only directory (see, Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816, 818; McKinney's Cons Laws of NY, Book 1, Statutes § 172). Once it was determined that petitioner's application was to be denied, no further hearing or notice to petitioner was required. Nor do we find that petitioner was prejudiced by the fact that, at respondent's regularly scheduled meeting of July 20, 1988, apparently uninvited and largely repetitious objections to licensing petitioner were made by the same citizens' group, following which the members of respondent voted to deny the application.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.