■ In the Matter of ALEXANDER PESCHEL, Respondent, v VILLAGE OF MONROE, Appellant. [641 NYS2d 89] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Monroe, dated May 17, 1994, which denied the petitioner's application for water services, the appeal is from a judgment of the Supreme Court, Orange County (Leavitt, J.), dated December 13, 1994, annulling the determination and directing the appellant to provide water services to the petitioner's properties.

Ordered that the judgment is affirmed, with costs.

The petitioner is a resident and owner of two unimproved lots located in Water District No. 7 (hereinafter the Water District) in the Town of Monroe (hereinafter the Town). He has paid water fees on the lots in question since the Water District was formed. A contract between the Town and the Village of Monroe (hereinafter the Village) obligated the Village to supply water service to the Water District. The contract called for the Town to notify the Village of any new users seeking service in the Water District above the number already being serviced. The Village had the right to deny water to new users, but could not do so arbitrarily. When the petitioner sought water service for the two properties he owned which were identified as lots which were included in the Water District when it was formed, the Village denied his request for the following reasons: (1) the number of water hookups in the Water District exceeded those specified in the original agreement, (2) "current Village policy" is to provide service "without deeded right on an emergency basis only", and (3) the Village would not permit additional water hookups when the purpose of those hookups was to allow the lot owner to profit therefrom, when the water supply was insufficient to meet future expansion needs of the Village. The petitioner sought to have that determination an-

nulled, arguing that the denial was arbitrary. The Supreme Court agreed, finding that the Village had failed to establish that there was a water emergency sufficient to warrant denial of the petitioner's request. We affirm.

The record fails to include any evidence to establish that there was any water emergency or even a water shortage, or that there was any reasonable possibility that the Village water supply was insufficient to meet any reasonable future needs of the Village. Indeed the contract between the Village and the Town, under which water was supplied to the Water District capped the maximum supply at 1,500,000 gallons per year while the current usage for 16 water hookups (two more than were present when the water district was created) is 1,110,000 gallons per year. Finally, it is clear that the Village and Town anticipated that there would be additional users beyond the original users who were there when the Water District came into existence, and agreed that new users would be accommodated to the extent practicable. Under this factual situation, the denial of the application for the two additional water hookups sought by petitioner was arbitrary and capricious. The Supreme Court therefore properly granted the petitioner's request to annul the Village's denial of his application, and directed it to allow the requested water hookups (*see generally, Matter of Pell v Board of Educ.,* 34 NY2d 222; *cf., Kennilworth Mgt. Co. v City of Ithaca,* 63 Misc 2d 617). Sullivan, J. P., Copertino, Pizzuto and Florio, JJ., concur.