■ In the Matter of JOSEPH P. OTTATI, Petitioner, v TOWN OF HECTOR TOWN BOARD et al., Respondents. [645 NYS2d 604] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schuyler County) to review a determination of respondent Town of Hector Town Board which denied petitioner's application for a license to operate a junkyard.

Petitioner is the owner of a parcel of land in the Town of Hector, Schuyler County, upon which he has operated an unlicensed junkyard since 1978. In April 1990, pursuant to General Municipal Law § 136, petitioner applied to respondent Town of Hector Town Board for a license to operate his junkyard and his application was denied "for lack of detail". In September 1990 petitioner reapplied and, after public hearings, a license was issued; however, a subsequent court challenge, pursuant to CPLR article 78, resulted in its annulment and the remittal of the matter for new hearings and findings.

In December 1991, upon remittal, a conditional license was issued by the Board; the conditions imposed related to, *inter alia*, proper screening, marking the specific boundaries of the junkyard and restrictions with respect to the types of junk

vehicles which could be placed at the site. However, in July 1992 the license application was formally denied and the conditional license was withdrawn by the Board upon its determination that petitioner failed to fulfill the conditions relating to the boundaries of the junkyard. Petitioner's challenge to the denial of the license pursuant to CPLR article 78 was rejected by Supreme Court; petitioner appealed that ruling but later withdrew his appeal.

In April 1994, after the denial of yet another application, petitioner again applied for a license. After three public hearings, which included testimony from adjoining land owners, environmental engineers, the Schuyler County Watershed Director, representatives of the State Department of Motor Vehicles, residents of the Town and the introduction of numerous submissions of documentary evidence, the Board determined that petitioner was unsuitable and denied his application. Petitioner commenced this proceeding pursuant to CPLR article 78 challenging the Board's determination. Supreme Court granted intervention by neighbors and other interested residents of the Town and transferred the proceeding to this Court.

Initially, we reject petitioner's contention that since the Board had previously found him suitable to obtain a license, its subsequent finding that he was not suitable was arbitrary and capricious. Notably, petitioner fails to address the specifics of the Board's formal findings concerning his suitability; instead he argues that the principle of stare decisis should be applied to find him suitable. The Board's determination clearly relates to petitioner's continuing junkyard-related activities, the bulk of which occurred after the Board's earlier suitability determination made in connection with his earlier application.

To the extent that it refers back to petitioner's prior acts, which had previously not resulted in an unsuitability finding, the Board's determination merely reflects its consideration of a continuing pattern of evasive, nonconforming and illegal conduct. As the instant determination clearly articulates the facts and reasoning for reaching a different result, including matters not before the Board at the first hearing, the difference in the findings does not render the determination arbitrary or capricious (*see, Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 518-519). The challenged determination does not suggest that the earlier acts, in and of themselves, rendered petitioner unsuitable. Petitioner's argument is not supported by what actually occurred at the hearing or by the findings made as the basis for the Board's determination.

Furthermore, petitioner's contention that the Board's procedural requirements with respect to his 1994 application were substantially different than other applications for licenses in the 1980s, thereby rendering the determination arbitrary and capricious, is also without merit. Although the record is inadequate to properly review the previous applications, it is logical that after years of experience and continued judicial review and analysis of General Municipal Law § 136 (*see generally, Matter of Olsen v Town Bd.*, 161 AD2d 1077), the Board's procedures would change and be refined. Accordingly, the Board had a valid basis for justifying the strengthening of its administrative procedures and for the formality of the application process.

Next, it is well settled that we may not substitute our judgment for that of an administrative agency if the agency's determination has a rational basis and is supported by substantial evidence (*see, Matter of Kahn v Zoning Bd. of Appeals,* 87 NY2d 344, 351; *Matter of Sasso v Osgood,* 86 NY2d 374). Here, the record reveals that petitioner operated an unlicensed junkyard, a legitimate factor for consideration which bears upon his suitability (*see, Matter of Olsen v Town Bd., supra,* at 1079), and that he did so in a manner aggressively offensive to his neighbors (*see,* General Municipal Law § 136 [1], [8]); moreover, *inter alia,* he failed to confine his junkyard activities to the proposed boundaries, he improperly used a large number of farm plates in connection with his junkyard operation, he sold used vehicles in violation of State motor vehicle regulations and, contrary to his representations to the Board, the junkyard was visible to his neighbors (*see,* General Municipal Law § 136 [8]). We conclude that the evidence adduced at the hearings overwhelmingly supports the Board's determination (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176).

We have reviewed petitioner's remaining contentions, including those regarding the timeliness of the hearings and the determination (*see, Matter of Olsen v Town Bd., supra,* at 1079; *see also, Matter of Rivera v Mann*, 224 AD2d 740; *Matter of Covington v Stinson,* 221 AD2d 739, *lv denied* 87 NY2d 810) and the manner in which he received notice of the determination, and find them to be without merit.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.