■ In the Matter of KENNETH NOWLIN, Appellant, v SUNNY SCHRIVER, as Superintendent of Wallkill Correctional Facility, et al., Respondents. [703 NYS2d 556] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 16, 1999 in Ulster County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging a determination denying a grievance in which he alleged that he was unjustly removed from his prison work assignment in the optics industry shop because of harassment from his shift supervisor. Although the Inmate Grievance Review Committee initially "deadlocked" on petitioner's grievance, later review resulted in the ultimate denial of the grievance by the Central Office Review Committee. Following commencement of this proceeding, respondents served a motion to dismiss the petition for failure to state a cause of action. Supreme Court granted the motion and this appeal ensued.

Contrary to Supreme Court's ruling, we find that the petition on its face states a cause of action sufficient to survive respondents' preanswer motion to dismiss (*see*, CPLR 3211 [a] [7]). Our review of the petition discloses that petitioner challenges the denial of his grievance on the ground, *inter alia*, that it was arbitrary, capricious and affected by an error of law. Although petitioner may ultimately not be entitled to reinstatement to his prison job (*see, Matter of Cooper v Smith*, 63 NY2d 615, 616; *Matter of Semkus v Coughlin*, 139 AD2d 868, 869, *lv denied* 72 NY2d 808), he should be afforded the op-

portunity to prove in this proceeding that the grievance was arbitrarily and capriciously denied. Therefore, we conclude that dismissal of the petition at this early juncture was premature.

Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court where respondents will be permitted to serve an answer within 20 days of the date of this Court's decision.