■ In the Matter of JOHN SALVADOR, JR., et al., Appellants, v PAUL H. NAYLOR, as Queensbury Town Superintendent of Highways, et al., Respondents. [719 NYS2d 733] —Peters, J. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered December 16, 1999 in Warren County, which, in a proceeding pursuant to CPLR article 78, granted a motion by certain respondents to dismiss the amended petition for failure to state a cause of action.

Petitioners originally commenced this proceeding to compel respondent Paul H. Naylor, the Superintendent of Highways for respondent Town of Queensbury in Warren County, to lay out the center line of Dunhams Bay Road (hereinafter the road) so that their application before respondent Town Zoning Board of Appeals (hereinafter the ZBA) for an area variance could be completed. Petitioners' application sought four feet of relief from the 30-foot buffer required by the Town zoning ordinance between the road and the seasonal hunting and fishing cabin they sought to build on their property.

When petitioners' application was initially before the ZBA in April 1999, petitioners objected to its use of a document described as the "Steves map," asserting its inaccuracy and improper certification. After the ZBA tabled the application until the June 1999 meeting for petitioners' submission of an accurate map, petitioners requested Naylor's assistance, by letter dated April 29, 1999, to either stake out the center line of the road or, alternatively, certify their site plan drawing on which the location of the road was plotted. When no response was received, petitioners followed with a second request by letter dated May 5, 1999. Concerned with the pending June meeting, petitioners requested intervention by the Town Board. Still receiving no answer from Naylor, this proceeding was commenced against both Naylor and the Town to compel them to either certify petitioners' site plan or lay out the center line of the road.

At the June ZBA meeting, petitioners' application was again tabled pending the submission of an accurate map. Upon the ZBA's request to Naylor to assist in this matter, Naylor advised that the "Steves map" properly showed the limits of the road and that it should be used to consider petitioners' application.

On July 21, 1999, the ZBA considered the "Steves map" in determining that petitioners actually needed 28 feet of relief from the 30-foot setback requirement, thereby creating a moderate to substantial effect on the surrounding neighborhood. Finding the difficulty to be self-created since other feasible alternatives existed, the variance application was denied.

Petitioners thereafter amended their petition to join the ZBA, the County of Warren and others as parties in this proceeding. Naylor, the Town and the ZBA (hereinafter collectively referred to as respondents) moved to dismiss the amended petition against Naylor and the Town by contending, *inter alia*, that it failed to state a cause of action against them. Supreme Court granted respondents' motion, finding that relief in the nature of mandamus did not lie. Petitioners appeal.

We affirm. Mandamus lies when the "right to relief is 'clear' and the duty sought to be enjoined is performance of an act commanded to be performed by law * * * involving no exercise of discretion" (*Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 96; *see*, *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758; *Matter of Kupersmith v Public Health Council*, 101 AD2d 918, 919-920, *affd* 63 NY2d 904). Petitioners' proceeding is premised upon an entitlement claimed pursuant to Highway Law § 140 (8), which states that a town superintendent shall be obligated to ascertain and describe those town highways which, *inter alia*, have been laid out, but have not been sufficiently described in the town clerk's records. As petitioners have not indicated that the Town records contain an inaccurate description or no description of the road at issue and our review confirms that the road is described and entered in the Town Clerk's office as required by statute, we cannot conclude that the mandates of Highway Law § 140 (8) compel the action sought.

Petitioners further seek to annul the denial of their variance application. Since Supreme Court dismissed this proceeding only as to Naylor and the Town, and both the court and the ZBA have not yet addressed the contentions of error raised with respect to the denial of petitioners' application, we decline review.

For these reasons, we affirm the dismissal of this proceeding against Naylor and the Town.

Crew III, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.