■ In the Matter of MONROE R. DAVIS, Appellant, v RAYMOND N. POMEROY, II, as Chair of the Sullivan County Legislature, et al., Respondents. [725 NYS2d 440] —Mercure, J. P. Appeal from that part of a judgment of the Supreme Court (Kane, J.), entered October 6, 2000 in Sullivan County, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Sullivan County Legislature to pass a local law authorizing the circulation of a petition calling for the repeal of the Sullivan County Charter.

Because of "improper actions" allegedly taken by Sullivan County in connection with the bankruptcy of the Concord Hotel and respondent Sullivan County Legislature's lack of rapport with the supervisors of the 15 towns that make up the County, it is petitioner's opinion that "although a noble experiment," the Sullivan County Charter should be revoked. In that con-

nection, petitioner wrote a letter to respondent Chair of the County Legislature and respondent Sullivan County Attorney demanding that, in accordance with the direction of Municipal Home Rule Law § 33 (8), they prepare a proposition to be submitted to the electors of the County for the repeal of the County Charter. No such action was taken and petitioner therefore commenced this CPLR article 78 proceeding in the nature of mandamus to compel, seeking judgment requiring respondents to take the demanded action. Concluding that the act sought to be compelled involves the exercise of discretion and is by no means a ministerial, nondiscretionary and non-judgmental act premised upon specific statutory authority mandating performance in a specified manner (*see, Klostermann v Cuomo*, 61 NY2d 525, 539; *Matter of Salvador v Naylor*, 279 AD2d 874, 875), Supreme Court dismissed the petition. We agree with Supreme Court's conclusion, and accordingly affirm.

Contrary to petitioner's contention, Municipal Home Rule Law § 33 (8) neither requires nor authorizes the Clerk of the County Legislature or the County Attorney to prepare a proposition for submission to the electors upon the request of a single resident of the County. To the contrary, "[t]he adoption, amendment or repeal of a county charter" is a municipal home rule power expressly reserved to a county (Municipal Home Rule Law § 10 [1] [ii] [b] [1]) and a resolution of the County Legislature or of a Charter Commission appointed by the County Legislature or established pursuant to the provisions of Municipal Home Rule Law § 33 (6) is a clear condition precedent to the action that petitioner seeks to compel (*see*, Municipal Home Rule Law § 33 [5], [6], [8]). Furthermore, the County Legislature's adoption of such a resolution is itself a discretionary legislative action (*see*, Municipal Home Rule Law § 33 [5]). Under the circumstances, Supreme Court correctly concluded that mandamus will not lie as a matter of law.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.