In the Matter of CLUBSIDE, INC., Respondent, v TOWN BOARD, TOWN OF WALLKILL, Appellant. CLUBSIDE INVESTORS, LLC, Intervenor-Respondent. [747 NYS2d 546]

The petitioner, Clubside, Inc. (hereinafter Clubside), sought to extend the Town of Wallkill sewer district to its property, where it proposed to build a condominium development. The availability of municipal water and sewer services is a factor of critical importance to the economic feasibility of the proposed condominium development. On January 24, 2000, the petitioner submitted an application, with accompanying documentation, for the extension of the water and sewer districts to its property. After some delay, a public hearing was held. No opposition to the project was voiced by the public. On September 28, 2000, the Town Board, Town of Wallkill (hereinafter the Town Board), denied the application. Thereafter, the petitioner commenced this CPLR article 78 proceeding to review the determination. The Town Board learned after the commencement of the proceeding that the petitioner's property is located within the water district, leaving the extension of the sewer district as the only issue for resolution by the Supreme Court.

Although the Town Board did not state the grounds for its determination, it was evident, based on the detailed affidavit of the Town Supervisor submitted in opposition to the petition, that the grounds for the denial were the unsubstantiated fears of the individual members of the Town Board that the condominium development posed public health problems and that the addition of school-age children would burden the local school system. We agree with the Supreme Court's conclusion that the determination of the Town Board was arbitrary and capricious (*see Kraizberg v Shankey,* 167 AD2d 370; *see also Matter of Svenningsen v Passidomo,* 62 NY2d 967; *Matter of Harper v Zoning Bd. of Appeals of Town of Lima,* 55 AD2d 405, 411, *affd* 43 NY2d 980).

The remaining contentions of the Town Board are without merit. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.