◼ In the Matter of NORTHWAY 11 COMMUNITIES, INC., Appellant, v TOWN BOARD OF THE TOWN OF MALTA, Respondent. [751 NYS2d 658] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Williams, J.), entered March 11, 2002 in Saratoga County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to state a cause of action.

Petitioner owns an apartment complex, Northway 11 Communities (hereinafter Northway), in the Town of Malta, Saratoga County, that is currently a customer of C.K. Sanitary Systems, Inc. (hereinafter C.K. Sanitary), a private sewer

transport corporation. Both C.K. Sanitary and Northway are owned by the same entity and, for many years, Northway either did not pay for the services of C.K. Sanitary or paid a nominal fee. In 2000, C.K. Sanitary applied to respondent for a sewer rate increase for its customers. In May 2001, respondent granted an increase which was lower than requested and allegedly included a condition requiring C.K. Sanitary to charge petitioner the standard rate per unit. As a result, according to petitioner, its rate charges increased "by approximately 100%" to "approximately $150,000.00 per year for this service."

Thereafter, in October 2001, petitioner obtained oral permission from the Town's Superintendent of Highways to work on Raylinkski Road, a public right-of-way in the Town, in order to connect Northway to the Saratoga County public sewer main. That permission was, however, subsequently withdrawn since petitioner had not obtained permission from respondent and the Saratoga County Sewer District. Petitioner duly procured the sewer permit allowing the connection, but it was conditioned on petitioner "first obtaining all necessary easements from, and municipal approvals required by" respondent. Petitioner again requested consent from respondent and the issue was addressed at respondent's December 3, 2001 meeting. At that time, a resolution permitting petitioner to utilize the right-of-way failed when no member moved to accept it. Respondent's supervisor indicated that the Town's attorney stated that the "granting of permission is found not to be in the public interest." Petitioner's counsel requested a specific reason why the resolution failed, however, none was set forth.

Thereafter, petitioner commenced this CPLR article 78 proceeding claiming that respondent's determination was arbitrary and capricious, and it further sought, inter alia, relief compelling respondent to issue a permit allowing it access to the right-of-way. In lieu of answering, respondent moved to dismiss the proceeding pursuant to CPLR 7804 (f). Supreme Court granted the motion on the ground that "the [p]etition fails to set forth a cause of action upon which relief may be granted."

On a motion to dismiss a proceeding for failure to state a cause of action, the court should "assume the truth of the allegations in the petition, [view] them in their most favorable light" and determine whether, based on the facts alleged, the proponent of the pleading has stated a legally cognizable cause of action (*Matter of Federation of Mental Health Ctrs. v De Buono*, 275 AD2d 557, 561; *see generally Leon v Martinez*, 84 NY2d 83). With these principles in mind, we initially conclude

that petitioner sufficiently stated a claim that respondent's decision was arbitrary, capricious and affected by an error of law sufficient to defeat the motion to dismiss (*see Matter of Nowlin v Schriver*, 269 AD2d 630). Here, although respondent did not formally state the grounds for its refusal to consider petitioner's application, there is no real dispute that respondent's action was motivated by its concern, wholly unsubstantiated in this record, that permitting Northway to utilize the easement to connect to the public sewer system would cause financial hardship to other customers of C.K. Sanitary. According to petitioner, this concern is speculative and fails to address a legitimate concern such as, for example, the overburdening of the right-of-way or the "interest of public welfare and safety" (*Matter of Syosset Indus. Bldrs. v Town of Oyster Bay Highway Dept.*, 24 AD2d 763, 763; *see Matter of Diocese of Rochester v Planning Bd. of Town of Brighton*, 1 NY2d 508, 526) and, therefore, could be found to be arbitrary, capricious and affected by an error of law (*see generally Matter of Svenningsen v Passidomo*, 62 NY2d 967, 969; *Matter of Clubside, Inc. v Town Bd., Town of Wallkill*, 297 AD2d 734). Giving petitioner the benefit of every favorable inference and considering the absence of a full development of the facts on this motion to dismiss, we conclude that petitioner sufficiently stated a cause of action upon which relief could be granted.

Turning to petitioner's constitutional claim, on the other hand, we find that petitioner did not state a cause of action by alleging that respondent's actions violated the Equal Protection Clauses of the US and NY Constitutions by discriminating against petitioner (US Const 14th Amend; NY Const, art I, § 11). In order to establish a claim for selective enforcement under the circumstances presented here, it must be shown that "(1) the [entity], compared with others similarly situated, was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as * * * a malicious or bad faith intent to injure the [entity]" (*Zahra v Town of Southold*, 48 F3d 674, 683; *see Staatsburg Water Co. v Dutchess County*, 291 AD2d 552, 553-554, *lv denied* 98 NY2d 609; *Masi Mgt. v Town of Ogden*, 273 AD2d 837, 838). Here, treating petitioner's allegations as true, it must be assumed that respondent has never previously refused permission to work in the Town's right-of-way and, therefore, petitioner has been treated selectively. However, while petitioner alleges that respondent is forcing it to buy sewer service from a private entity against its will to lower rates for the service's other users, petitioner does not claim that respondent was motivated by a malicious

intent to single out petitioner and injure it. Accordingly, the equal protection claim was properly dismissed (*see Masi Mgt. v Town of Ogden, supra*).

Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted that part of respondent's motion to dismiss petitioner's challenge to respondent's denial of a permit as arbitrary, capricious and affected by an error of law; motion denied to that extent; matter remitted to the Supreme Court where respondent will be permitted to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.