◼ In the Matter of GUY McEACHIN, Appellant, v MICHAEL McGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [758 NYS2d 544] —Cardona, P.J. Appeal from a judgment of the Supreme Court (O'Shea, J.), entered January 2, 2002 in Chemung County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to state a cause of action.

Following a prison disciplinary hearing, petitioner was found guilty of refusing a direct order and a movement regulation violation. After an unsuccessful administrative appeal, petitioner alleged in a pro se petition to Supreme Court that he was denied due process of law in connection with the hearing. Supreme Court, sua sponte and without prejudice, dismissed the petition for failure to adequately state a cause of action.

Contrary to Supreme Court's ruling, we find that the papers presented by petitioner sufficiently set forth a cause of action to avoid a dismissal pursuant to CPLR 3211 (a) (7). While it is true that the verified petition contains a bare allegation that petitioner was denied due process (see generally Matter of Reynoso v LeFevre, 199 AD2d 886 [1993], lv denied 83 NY2d 754 [1994]), the petition nevertheless specifically refers to a copy of petitioner's administrative appeal, attached to the petition as an exhibit, as providing grounds for the requested relief. Since our review of that exhibit discloses a sufficient articulation of the arguments petitioner wishes to raise, we conclude that dismissal of the proceeding was not appropriate at this juncture (see Matter of Nowlin v Schriver, 269 AD2d 630 [2000]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court to permit respondent to serve an answer within 20 days of the date of this Court's decision.