■ In the Matter of CAPITOL REAL ESTATE, INC., Respondent-Appellant, v TOWN BOARD OF TOWN OF CHARLTON, Appellant-Respondent. [804 NYS2d 449]—

Mugglin, J. Cross appeals from a judgment of the Supreme Court (Nolan, Jr., J.), entered June 25, 2004 in Saratoga County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's application to extend a water district to petitioner's property.

Petitioner proposed a three-phase real estate subdivision in the Town of Charlton, Saratoga County. As germane to this proceeding, petitioner received final approval for Phase I of the

development from the Town of Charlton Planning Board in December 1993, conditioned upon provision of municipal water. Petitioner's sixth application to extend a water district to respondent was denied by resolution dated May 12, 2003. Supreme Court annulled this resolution because respondent's reliance on posthearing documents denied petitioner's right to a fair hearing. Supreme Court remanded the matter for a new hearing, following which respondent again denied the application, concluding, among other things, that the extension of the water district was not in the public interest. In the ensuing CPLR article 78 proceeding, Supreme Court found that no substantial evidence demonstrated that the proposed extension would adversely affect the public interest and, therefore, it granted the petition to annul respondent's determination and remanded the matter to respondent with a directive that the petition be granted. Both parties appeal.

Respondent first argues that Supreme Court's decision following remand is at variance with its first decision and that Supreme Court, therefore, improperly reopened the law of the case or, in the alternative, principles of collateral estoppel apply which prevent Supreme Court from revisiting issues of fact previously decided. We disagree. Unless a full and fair opportunity to fully litigate an issue has been provided, a court's decision does not become the law of the case (*see Shawangunk Conservancy v Fink*, 305 AD2d 902, 903 [2003]) nor is a party collaterally estopped from presenting evidence on that issue (*see Church v New York State Thruway Auth.*, 16 AD3d 808, 810 [2005]). Here, because respondent relied on posthearing documents in deciding the public interest issue, petitioner was denied a fair hearing.

Next, we observe that "a reviewing court is bound to examine only whether substantial evidence supports the determination of the board. Where substantial evidence exists, a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]; *see Matter of Ottati v Town of Hector Town Bd.*, 229 AD2d 746, 748 [1996]). First, we reject petitioner's argument that respondent's review of the potential impact of the proposed extension should be limited only to the water district itself and its functions. Town Law § 194 (1) (d) requires respondent to determine whether it is in the "public interest" to grant the extension. In determining the sufficiency of the petition, respondent is required to consider "petitioner's request in all respects," including "the benefit to

the property and owners in the proposed district, whether all benefited property and owners are in the proposed district and whether it is in the public interest to grant the relief sought" (*Town of Lima v Harper*, 55 AD2d 405, 411 [1977], *affd* 43 NY2d 980 [1978]). Hence, in determining the petition, respondent is required to consider the public interest in general.

Addressing the merits, we reject respondent's argument that substantial evidence supports its determination that the extension is not in the public interest because of an increased maintenance burden on the town in general. While respondent's engineering consultant referred to some negative impacts on the existing water system, he attested that none posed a significant burden and that increased cost of maintenance can easily be absorbed by an increase in revenue from the new subdivision. In addition, the extension, he attested, would offer increased excess storage capacity to the town and would bring municipal water to an area of the town with poor individual wells, all at no cost to the municipality.

Finally, respondent's reliance on numerous issues regarding the subdivision approval itself to support denial of this application is improper. A town board may not exercise appellate jurisdiction over site development plans which have been reviewed and approved by a planning board with proper authority (*see Matter of Boxer v Town Bd. of Town of Cortlandt*, 60 AD2d 913, 913 [1978]; *Matter of Spinosa v Ackerman*, 98 Misc 2d 1073, 1079 [1979], *affd* 72 AD2d 976 [1979]). Moreover, these factors are wholly unrelated to the requested extension of the water district and do not support denial of that application (*see Matter of Svenningsen v Passidomo*, 62 NY2d 967, 969 [1984]; *Matter of Clubside, Inc. v Town Bd., Town of Wallkill*, 297 AD2d 734, 735 [2002]).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.