■ In the Matter of Preservation Collective et al., Appellants, et al., Petitioner, v Town of Monroe et al., Respondents.

HIGHVIEW PROPERTIES, DHF, INC., Intervenor-Respondent. [818 NYS2d 780]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Monroe Planning Board dated May 4, 2004, which adopted a State Environmental Quality Review Act lead agency findings statement, and a resolution of the Town of Monroe Planning Board dated June 8, 2004, which granted conditional preliminary approval of the subdivision application of Highview Properties DHF, Inc., the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated December 21, 2004, as granted the separate motions of the respondents and the intervenor to dismiss the petition.

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On June 8, 2004 the Town of Monroe Planning Board (hereinafter the Planning Board) adopted a resolution (hereinafter the resolution) granting conditional preliminary approval of a subdivision application to divide a 134.1 acre property owned by the intervenor, Highview Properties DHF, Inc. (hereinafter Highview). Previously, on May 4, 2004, the Planning Board had adopted a State Environmental Quality Review Act (hereinafter SEQRA) lead agency findings statement relative to the project. Both the findings statement and the resolution were filed in the Office of the Town Clerk of the Town of Monroe on June 15, 2004. On September 1, 2004 the petitioners commenced this proceeding pursuant to CPLR article 78 challenging the resolution solely on SEQRA grounds. The respondents and Highview separately moved to dismiss the petition on the grounds that the petitioners' challenge to the SEQRA findings statement and the resolution was time-barred pursuant to Town Law § 282 and that the petitioners lacked standing to bring the proceeding. The Supreme Court, inter alia, dismissed the petition as time-barred and found that the petitioners lacked standing.

Contrary to the Supreme Court's determination, we find that the petitioners, the Preservation Collective and Tracy Schuh, alleged sufficient harm to show that they had standing to maintain this proceeding (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761 [1991]). However, we agree with the Supreme Court that the resolution was in all respects final with

respect to SEQRA, and thus triggered the running of the 30-day statute of limitations of Town Law § 282 for challenging the subdivision approval on SEQRA grounds, upon the filing of the resolution with the Town Clerk on June 15, 2004 (*see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 78 NY2d 608, 614 [1991]; *Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y.,* 20 AD3d 531 [2005]; *Matter of Elliot v Boycott,* 293 AD2d 676, 677 [2002]; *Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland,* 267 AD2d 742, 743 [1999]). Since the petitioners did not commence this proceeding within 30 days of the filing of the resolution, they are now barred from challenging the resolution (*see* Town Law § 282). Accordingly, the motions to dismiss the petition were properly granted. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.