■ In the Matter of INN AT HUNTER, INC., Appellant, v VILLAGE OF HUNTER, Respondent. [827 NYS2d 714]—

Rose, J. Appeal from a judgment of the Supreme Court (Lalor, J.), entered April 13, 2006 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's application for a water and sewer tap permit.

Petitioner proposed to build a condominium development on its property in the Village of Hunter, Greene County, and applied for water and sewer permits for future service to the proposed development. After a public hearing, and based on concerns raised by respondent's consulting engineer regarding the present capacity of its water and sewer systems, respondent denied petitioner's application. Petitioner then commenced this CPLR article 78 proceeding seeking an order of mandamus compelling respondent to grant its permit application. Supreme Court found that respondent had a rational basis for its determination and dismissed the petition. Petitioner appeals, arguing that it is entitled to have a permit for future water and sewer service to its proposed development because the system has adequate capacity and, thus, the granting of such a permit is a ministerial act.

Initially, we note that mandamus is appropriate only where the right to relief is clear and the governmental act to be compelled is a mandatory duty commanded to be performed by law in a specified manner involving no exercise of judgment or discretion (*see Matter of Brusco v Braun*, 84 NY2d 674, 679 [1994]; *see also Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 96 [1981]; *Matter of Davis v Pomeroy*, 283 AD2d 874, 875 [2001]). While denial of an application to access water and sewer service will be reversed if it is arbitrary and unsupported by substantial evidence (*see e.g. Matter of Capitol Real Estate, Inc. v Town Bd. of Town of Charlton*, 23 AD3d 858, 860 [2005]; *Matter of Clubside, Inc. v Town Bd., Town of Wallkill*, 297 AD2d 734, 735 [2002]; *Matter of Peschel v Village of Monroe*, 226 AD2d 540, 541 [1996], *lv denied* 89 NY2d 803 [1996]), a municipality nonetheless has the discretion to reject such an application "upon a finding that the proposed connection, because of excessive demands on the system or otherwise, would present problems related to the sewer system or the public health of the [municipality]" (*Matter of Svenningsen v Passidomo*, 62 NY2d 967, 969 [1984]). Thus, petitioner may seek review of respondent's determination, but mandamus is not an available remedy.

We also note that petitioner contends that there are affidavits and other materials in the record before Supreme Court that contain information not in the record before the Village Board. In our view, however, this information was provided to Supreme Court only to show that the recommendation of respondent's engineer was offered in good faith and based on accurate data. In any event, considering only the record before the Village Board, we find evidentiary support for the denial of petitioner's application due to limitations on respondent's water supply, the unconfirmed capacity of its sewer system and the mandated future connection of approximately 150 existing users. The record indicates that respondent's engineer recommended a flow standard for approval of any applications for water and sewer service to a new structure. This standard was a flow of no more than 873 gallons per day based upon the engineer's opinion that flow in excess of that amount could result in overloading respondent's wastewater treatment plant during periods of snow melt or rain. The engineer also stated that the treatment plant's capacity could not be adequately gauged until it had been running at least one full season at full flow. While petitioner presented a conflicting engineering opinion as to the capacity of respondent's system, there is no dispute that its proposed condominiums would require a water and sewage flow of more than 7,000 gallons per day, far in excess of the threshold recom-

mended by respondent's engineer. Upon this record, we conclude that respondent's determination to follow its engineer's recommendation and reject petitioner's expert's assessment of the capacities of its water and sewer systems was both rational and supported by substantial evidence (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]; *Saratoga Water Servs. v Zagata*, 247 AD2d 788, 790 [1998]).

Petitioner's remaining contention, that denial of its application was discriminatory because other existing users were thereafter permitted to connect to respondent's systems, is unavailing. We need note only that the connection of existing users was mandated by an ordinance of respondent, petitioner's application was for a future use and petitioner failed to identify any instance in which the Village Board approved connection of the system to a new structure with daily flow requirements comparable to its proposed development. Further, petitioner failed to allege malicious intent (*see Matter of Northway 11 Communities v Town Bd. of Town of Malta*, 300 AD2d 786, 788-789 [2002]).

Cardona, P.J., Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.