OPINION OF THE COURT
Martin Schoenfeld, J.
In this CPLR article 78 proceeding, pro se petitioner Robin Tooker challenges a decision of the respondent New York State Crime Victims Board-Executive Department (CVB)[1] that denied her compensation for injuries she suffered as a result of a “hit and run” bicyclist. The CVB has cross-moved to dismiss the petition pursuant to CPLR 3211 (a) (7) and 7804 (f). For the reasons set forth below, the court denies respondent’s cross motion to dismiss.
On April 20, 2007, petitioner was struck by a bicyclist while she was walking in the crosswalk across a downtown Manhattan street. According to her account, “a guy on a delivery bike” hit her from behind, knocked her down and “left [her] lying in the middle of the street.” As a result, she broke her wrist. Petitioner was taken by ambulance to St. Vincent’s Hospital, where she remained for four days during which time she underwent surgery on her left wrist. Petitioner alleges that as a result of this injury she cannot use her wrist, has difficulty opening and closing her hand, and has lost the use of several fingers. She also states that she was unable to work at her profession as a photographer for “about a year.”
In July 2008, petitioner filed an application with the CVB, seeking compensation for over $20,000 in medical expenses she incurred as a result of her injuries. She has appended the application and these bills to her papers. CVB member Louis A. Mosiello issued a decision on January 14, 2009, denying her claim. In his short decision, Mr. Mosiello notes that the CVB may provide an award if there is evidence that “a crime was committed.” He concludes, however, that the evidence provided indicates that what happened to petitioner “was an accident, not a crime.”
In a letter to the CVB, petitioner appealed this decision.[2] On May 18, 2010, a three-member panel of the CVB affirmed Mr. Mosiello’s decision, providing no further explanation.
*188 Acting pro se, petitioner filed this article 78 proceeding asking the court to reverse the CVB’s decision. The CVB then submitted a cross motion to dismiss along with a memorandum of law in support of its cross motion. The CVB argues that the petition should be dismissed as a matter of law because the CVB may only compensate victims of crime and that in the instant case no crime occurred. It relies on Vehicle and Traffic Law § 600, under which it is a crime for the driver of a “motor vehicle” to leave the scene of an accident. The CVB, relying on section 125 of the Vehicle and Traffic Law and related case law, argues that section 600 does not cover “hit and run” bicylists.
In reply, petitioner submits an opposing affidavit, arguing that the CVB relies on the wrong section of the Vehicle and Traffic Law. She argues that she was the victim of a crime under Vehicle and Traffic Law § 1241, which makes “[Leaving the scene of an incident involving a wheeled non-motorized means of conveyance,” including bicycles, a class B misdemeanor where a “serious physical injury” has resulted. A serious physical injury under this law includes “physical injury” which causes “protracted impairment of health or protracted loss or impairment of the function of any bodily organ.” (Vehicle and Traffic Law § 1241; Penal Law § 10 [10].)
When considering a motion to dismiss an article 78 petition, the court must deem the allegations in the petition to be true and afford them “the benefit of every favorable inference.” (Matter of Eastern Oaks Dev., LLC v Town of Clinton, 76 AD3d 676, 678 [2d Dept 2010] [citations omitted].) The court should deny a motion to dismiss if “the facts stated are sufficient to support any cognizable legal theory.” (Matter of Brodsky v New York State Dept. of Envtl. Conservation, 1 Misc 3d 690, 695 [Sup Ct, Albany County 2003]; Matter of Northway 11 Communities v Town Bd. of Town of Malta, 300 AD2d 786, 787 [3d Dept 2002].)
Pursuant to Executive Law § 624 (1) (a), to be eligible for an award from the CVB, the claimant must be a victim of a crime.[3] Both the terms “crime” and “victim” are defined in Executive Law § 621. A crime is “an act committed in New York state which would, if committed by a mentally competent criminally responsible adult, . . . constitute a crime as defined in and proscribed by law.” (§ 621 [3] [a].) A victim is “a person who suffers personal physical injury as a direct result of a crime.” (§ 621 [5] [a].)
*189 Here, CVB’s argument that petitioner has no cognizable claim for compensation because being struck by a “hit and run” bicyclist does not constitute a crime under Vehicle and Traffic Law § 600 is unconvincing. As pro se petitioner has rightly pointed out, in her situation, section 600 is not the relevant statutory provision. More pertinent to this proceeding is Vehicle and Traffic Law § 1241, which provides that leaving the scene of an incident involving a bicycle which has resulted in a “serious physical injury” is a class B misdemeanor.
Petitioner has presented evidence, in the form of doctors’ bills and an ambulance report, to support her contention that she suffered serious injuries as a result of her being hit by a bicyclist who then fled the scene. According to petitioner these injuries have left her with limited use of her wrist, hand and fingers. Giving her “the benefit of every favorable inference” this court finds that she has at least made out a cognizable claim that she was a victim of a crime pursuant to Vehicle and Traffic Law § 1241. Therefore, CVB’s cross motion to dismiss should be denied and petitioner should be allowed to continue litigating her article 78 claim.
In accordance with the foregoing, it is ordered that respondent’s cross motion to dismiss is denied; and it is further ordered that respondent has 20 days from service of notice of entry of this order in which to answer the petition.

. Pursuant to Executive Law § 622, as of June 22, 2010 the New York State Crime Victims Board was reformulated as the Office of Victim Services.

. In her letter appealing Mr. Mosiello’s decision, the petitioner did not request a hearing.

. Others who may be compensated under this law include surviving spouses, grandparents, parents, and dependents of a “a victim of a crime who died as a direct result of such crime.” (Executive Law § 624 [1] [b].)