In the Matter of ROSE WOODS, LLC, et al., Appellants, v JOHN T. WEISMAN et al., Respondents. [924 NYS2d 574]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the Town of Poughkeepsie Planning Board dated June 19, 2008, which conditionally granted the petitioner's application for final subdivision plat approval, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Sproat, J.), dated February 8, 2010, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On May 30, 2008, the petitioners submitted, to the Town of Poughkeepsie Planning Board (hereinafter the Planning Board), a final subdivision application for a four-lot residential development, which included individual sewer pumps on each lot. In a memorandum dated June 11, 2008, the Town of Poughkeepsie Sewer Department (hereinafter the Sewer Department) commented that individual pumps were not acceptable, and that one pump must serve the four lots. Additionally, in a letter from

the engineer retained by the Town (hereinafter the Town Engineer) to the Planning Board dated June 12, 2008, the Town Engineer remarked that the Sewer Department would not accept or approve four individual pump stations. On June 19, 2008, the Planning Board adopted a resolution granting conditional final subdivision plot approval, subject to 24 specific conditions, which included the restriction articulated in the comments of the Sewer Department and the Town Engineer. The resolution was filed in the Office of the Town Clerk of the Town of Poughkeepsie on June 20, 2008.

Thereafter, the Planning Board adopted two resolutions granting the petitioners 90-day extensions for final subdivision approval. In a letter from the petitioners' retained engineer to the chair of the Planing Board dated February 13, 2009, the petitioners requested final subdivision approval. In that letter, the petitioners also referred to the restriction set forth in the Sewer Department's comments, informing the Planning Board that, contrary to the restriction, "[t]he subdivision has been designed with individually owned pump stations and force mains." In a letter dated June 9, 2009, the Sewer Department reiterated to the petitioners that individual pumps were unacceptable, as such pumps had presented maintenance problems in the past. On June 16, 2009, the day before the last extension for final subdivision approval was to expire, the petitioners commenced this proceeding pursuant to CPLR article 78 purportedly seeking, inter alia, to compel the Sewer Department to approve the four-pump sewer system and to compel the Chair of the Planning Board to countersign the final subdivision application. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

Initially, we agree with the Supreme Court that relief in the nature of mandamus is not available in the instant case. The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated (see *Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]; *Matter of Horowitz v New York City Police Dept.*, 82 AD3d 887 [2011]). Such relief does not lie to compel the performance of a discretionary act by a Planning Board, its chair, or any other municipal agency (see *Matter of Inn at Hunter, Inc., v Village of Hunter*, 35 AD3d 1072 [2006]; *Matter of Kroll v Village of E. Hampton*, 293 AD2d 614 [2002]; *Matter of Smith v Board of Appeals of Town of Islip*, 202 AD2d 674 [1994]; *Matter of Young v Town of Huntington*, 121 AD2d 641 [1986]).

Regardless of how the petitioners characterize this proceeding, they are, in effect, seeking to review the Planning Board's determination dated June 19, 2008, and filed June 20, 2008, which is subject to a 30-day statute of limitations (*see* Town Law § 282). The petitioners' challenge to the Planning Board's determination granting conditional final subdivision approval is time-barred, as this proceeding was commenced more than 30 days after the resolution was filed with the Town Clerk (*see* Town Law § 282; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 78 NY2d 608, 614 [1991]; *Matter of Preservation Collective v Town of Monroe*, 32 AD3d 396 [2006]; *Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y.*, 20 AD3d 531 [2005]; *Matter of Ramapo Homeowners Assn. v Planning & Zoning Bd. of Town of Ramapo*, 2 AD3d 530 [2003]). Contrary to the petitioners' contention, the two 90-day extensions of the time within which they could obtain final subdivision approval by conforming their proposed subdivision plat to the conditions imposed upon it did not toll the statute of limitations, as the Planning Board's determination imposing the condition referable to the maximum number of pumps became final and binding on the petitioner upon the adoption of the resolution dated June 19, 2008 (*see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 78 NY2d at 610; *Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y.*, 20 AD3d at 532-533).

The petitioners' remaining contentions are without merit. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.