PEBBLE HILL BUILDING CORP., Appellant, v PAUL MADELIK et al., Respondents. [38 NYS3d 433]—

In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Mayer, J.),

dated April 22, 2014, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly concluded that, although brought as a declaratory judgment action, the true nature of the instant matter is directed toward review of an agency determination and, therefore, is governed by CPLR article 78 (*see Tornheim v Fiala*, 136 AD3d 797, 797 [2016]; *Spinney at Pond View, LLC v Town Bd. of the Town of Schodack*, 99 AD3d 1088, 1089 [2012]; *Block 3066, Inc. v City of New York*, 89 AD3d 655, 656 [2011]; *Matter of Rose Woods, LLC v Weisman*, 85 AD3d 801, 803 [2011]; *Town of Riverhead v County of Suffolk*, 78 AD3d 1165, 1166 [2010]). The plaintiff, in effect, seeks review of a resolution adopted by the Planning Board of the Town of Huntington dated June 17, 2009, requiring the plaintiff, as conditions of final approval of a subdivision map, to both reserve a portion of the property as a conservation area and pay a recreation fee. Since the resolution was filed with the office of the Town Clerk on June 22, 2009, this action, commenced in December 2010, was time-barred (*see* CPLR 217 [1]; Town Law § 282; *Leonard v Planning Bd. of Town of Union Vale*, 136 AD3d 868, 870-871 [2016]; *Rose Woods, LLC v Weisman*, 85 AD3d at 803; *Matter of Preservation Collective v Town of Monroe*, 32 AD3d 396, 397-398 [2006]; *Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y.*, 20 AD3d 531, 532-533 [2005]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's motion for summary judgment on the complaint.

In light of our determination, we need not address the parties' remaining contentions. Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.