■ ELI KRAIZBERG, Doing Business as GREIER MANAGEMENT COMPANY, et al., Respondents, v JOHN SHANKEY et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review determinations of the Town Board of Stony Point, dated August 11, 1987, and April 12, 1988, respectively, denying the petitioner's application to create a sewer district, the members of the Town Board of the Town of Stony Point appeal from a judgment of the Supreme Court, Rockland County (Nicolai, J.), dated October 19, 1988, which annulled the determinations of the Town Board and directed it to create a sewer district.

Ordered that the judgment is affirmed, without costs or disbursements.

In November 1986 the petitioners Eli Kraizberg, doing business as Greier Management Company, and Abraham Jacobi, developers of certain property in the Town of Stony Point, filed a petition with the appellant members of the Town Board of the Town of Stony Point (hereinafter the Board), for an extension of the existing town sewer district to include their property as well as certain premises owned by the North Rockland Central School District. This application was denied based on the alleged lack of capacity at the town's central plant and infiltration/inflow problems.

In July 1987 Greier and Jacobi petitioned the Board for the creation of a sewer collection and treatment district known as Stony Point Sewer District No. 6. On August 11, 1987, Greier and Jacobi's July 1987 application was denied after a public hearing. The instant proceeding was commenced, and, in an order dated January 7, 1988, the Supreme Court directed that a new vote be taken, and findings made pursuant to Town Law § 194 (1). On April 12, 1988, a new vote was taken, and findings were made. Thereafter, in the judgment appealed from, the Supreme Court, Rockland County (Nicolai, J.), annulled the Board's determinations, holding that "[t]he findings made by respondent Board were not supported by the evidence". We affirm.

The Legislature has delegated the power to create sewer improvement districts to town boards *(see,* Town Law § 190 *et*

*seq.).* The statute provides that, upon petition and after notice and hearing, a town board shall determine the sufficiency of the petition, the benefit to the property and owners in the proposed district, whether all benefited property and owners are in the proposed district and whether it is in the public interest to grant the relief sought *(see,* Town Law § 194 [1]). We find that the Board's determination denying the establishment of the sewer district was not based upon a determination of the public interest but upon the desire of the town residents and the Board to minimize development *(see, Matter of Harper v Zoning Bd. of Appeals,* 55 AD2d 405, 411-412, *affd* 43 NY2d 980). Therefore, we conclude that the Board's determination was arbitrary and capricious and was not supported by substantial evidence.

We have considered the Board's remaining contentions and find them to be without merit. Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.