William YOHN and Rosemary
Yohn, Appellees,

v.

The BOARD OF DIRECTORS/THE
CLEAR LAKE SANITARY
DISTRICT, Appellant.

No. 02–1188.

Supreme Court of Iowa.

Dec. 17, 2003.

Ivan T. Webber of Ahlers, Cooney, Dor-weiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellant.

James M. Stanton of Stanton & Soren-sen, Clear Lake, for appellees.

LARSON, Justice.

These plaintiffs, William and Rosemary Yohn, own three contiguous tracts of land within the city limits of Clear Lake, but outside the Clear Lake Sanitary District (district). Pursuant to Iowa Code section 358.16 (1999), the Yohns petitioned to have two of their three tracts annexed to the district. The district denied the application but informed the Yohns that it would permit annexation if the Yohns would include all three tracts. The Yohns appealed to the district court under Iowa Code section 358.23. The district court reversed and ordered the district to annex the two parcels as requested by the Yohns. The district appealed. We reverse and remand.

### I. *Facts and Proceedings.*

The Yohns' three tracts of land are referred to as parcels 3, 4, and 5. In 1995 the Yohns built a home on parcel 4 and, after receiving approval by the city and the sanitary district, connected their home to the district's sewer system. The Yohns then began to pay a monthly sewer-use fee but did not pay the additional taxes that landowners in sanitary districts are required to pay. *See* Iowa Code § 358.18 (sanitary districts authorized to assess taxes for district expenses). They were not assessed the property tax because, contrary to the district's mistaken belief, the Yohns were not in the sanitary district. On discovering its error, the district raised the monthly sewer-use bills for users outside the district from approximately $30 to $96 to compensate for the district's loss of tax revenue. The Yohns responded by petitioning for annexation of two tracts—parcel 4, where their home is located, and

parcel 5 because it has development potential. They omitted parcel 3 because it does not presently require sewer services.

The issue in this case is whether the district may legally require annexation of parcel 3 as a condition of granting the petition as to the balance of the Yohns' property. The district contends that it is within its statutory authority to require inclusion of tract 3 as a reasonable way of raising the necessary revenue to operate the district's treatment system. The district's expenses are paid through sewer-use tax fees, and the property tax assessed by the district. When new property is added, the district's tax base is increased and its ability to pay the expenses of the district is enhanced.

The parties agree that the applicable statute provides no authority for a sanitary district to involuntarily annex property to their district. The only means of adding property is by voluntary annexation under section 358.16. That statute provides in relevant part:

> The board of trustees, however, *may* upon such petition of property owners representing at least twenty-five percent of the valuation of property not included within the district as constituted which seeks benefit from the operation of such sanitary district, include such property in the area involved within the limits of such sanitary district, and such added areas shall be subject to the same taxation as other portions of the district.

(Emphasis added.)

We have apparently never interpreted this paragraph of section 358.16. Iowa Code section 4.1(30)(*a*), (*b*), and (*c*) provides: "[t]he word 'shall' imposes a duty ... [,] [t]he word 'must' states a requirement ... [,] and [t]he word 'may' confers a power...." Use of the word "may" in section 358.16 strongly suggests the petitioners have no right to force the limited

annexation of their property; this decision rests in the discretion of the district. The Yohns concede this as a general proposition of law. They argue, however, that the district's action was arbitrary and capricious. We have defined those terms as "without rational basis; unconsidered, willful and irrational choice of conduct, unsupported by competent and substantial evidence." *In re Lone Tree Cmty. Sch. Dist.*, 260 Iowa 719, 724, 150 N.W.2d 637, 640 (1967). The Yohns point to the fact that parcel 3, which the board insisted be included in the annexation, "is presently planted to alfalfa with no physical improvements on it [and] contains no sanitary sewer improvements nor is it provided with sanitary sewer services."

Their argument, apparently, is that tract 3 needs no sewer services now, and any annexation of that tract must await the need for such services. The district's insistence on annexing it now, rather than at some future time, apparently is viewed as arbitrary and capricious. They rely on this language by the district court to support their argument that the district has no legal authority to require annexation of parcel 3 under these circumstances:

> The evidence quite clearly shows that the Sanitary District desired to include as much property into the District as possible for purposes of retiring outstanding obligations incurred for purposes of building its new facilities. The residential property the Yohns sought to have annexed [their home] has an assessed value of $305,000.00 while the [lot in question] has an assessed value of $14,246.00.

As a factual matter, while parcel 3 might be planted to alfalfa now, it has development potential, as the Yohns have signed an agreement to sell it to a golf course developer. As a legal matter, the district was within its statutory authority to grant

or reject the annexation petition in its entirety. We see no logical reason why the district could not legally grant the petition on condition it include all of the land contiguous to the district, either on the ground it will inure to the financial benefit of the district or to eliminate the need for a future annexation procedure to cover tract 3. In the end, the timetable for annexing tract 3 is not solely in the hands of the Yohns.

This case should be contrasted with one in which the exercise of the board's discretion was clearly for an arbitrary purpose. In *Kraizberg v. Shankey,* 167 A.D.2d 370, 561 N.Y.S.2d 600 (1990), the board refused the establishment of a sewer district, "not based upon a determination of the public interest but upon the desire of the town residents and the [Sewer] Board to minimize development [of the area]." The court held the board's action was arbitrary and capricious. *Kraizberg,* 167 A.D.2d at 371, 561 N.Y.S.2d at 601.

The plaintiffs have not shown that the actions of the board were motivated by any concerns other than the welfare of the district. We find no arbitrary or capricious conduct on the part of the board and conclude the district court erred in reversing the decision of the sanitary district. Accordingly, we reverse and remand for dismissal of the petition.

**REVERSED AND REMANDED.**