# IN THE COURT OF APPEALS OF IOWA

No. 18-1715
Filed November 27, 2019

**JENNY FISHEL,**
    Plaintiff-Appellant,

**vs.**

**MICHAEL REDENBAUGH,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Christopher L. Bruns, Judge.

Jenny Fishel appeals the district court's refusal to award financial support as part of a civil domestic-abuse protective order. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


Robert L. Teig, Cedar Rapids, for appellant.

Michael Redenbaugh, Cedar Rapids, pro se appellee.


Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

Can a civil domestic-abuse protective order require the defendant to pay a "sum of money for the separate support and maintenance of the plaintiff" *even if* the defendant is not otherwise obligated to support the plaintiff? *See* Iowa Code § 236.5(1)(b)(6) (2018). The district court answered this question in the negative. We disagree. We remand for further proceedings.

## I. Background Facts and Proceedings

Jenny Fishel and Michael Redenbaugh have been in a relationship for twelve years. They have two minor children together. They have never been married.

Fishel claims their relationship has been marred by "an off and on history of physical abuse" by Redenbaugh. Fishel petitioned the district court for a domestic-abuse protective order. She requested several forms of relief, including an order for financial support pursuant to Iowa Code section 236.5(1)(b)(6).

On August 30, 2018, the district court heard Fishel's petition. But the court declined to address Fishel's request for support. Instead, the court advised the parties that if it granted a protective order, then the court would set a separate hearing on the issue of support.

Later the same day, the court entered a protective order in Fishel's favor. It did not award support.

Fishel filed a "motion to reconsider, enlarge, or amend or for new trial." Among other things, Fishel asked the court to award support.

The district court entered an order denying Fishel's motion. It stated in part:

Section 236.5 does not create an independent right to support. Rather, it gives the court the discretion to award support in certain cases when such support would otherwise be allowed by Iowa and federal law.

The parties to this action have never been married. They were not living together immediately prior to the filing of the petition in this action. Iowa does not recognize claims for palimony. *Slocum v. Hammond*, 346 N.W.2d 485 (Iowa 1984). Thus, there was no legal basis in this case to award alimony or something akin thereto. The fact that the protected party was assaulted by the defendant does not, in and of itself, generate a right to support.

Fishel now appeals. She raises two issues, one procedural and one substantive. On the procedural front, Fishel claims the court was obligated to address the support issue during the August 30 hearing. In Fishel's view, it was improper to postpone the support issue for a separate hearing. As a substantive matter, Fishel claims the district court erred in concluding section 236.5 did not authorize an award of support.

## II. Analysis

We begin with Fishel's substantive claim. We review issues of statutory interpretation for correction of errors at law. *In re Chapman*, 890 N.W.2d 853, 856 (Iowa 2017).

Chapter 236 is Iowa's Domestic Abuse Act. Iowa Code § 236.1. A plaintiff "seeking a protective order pursuant to chapter 236 must prove by a preponderance of the evidence that the [defendant] committed 'domestic abuse.'" *Huntley v. Bacon*, No.16-0044, 2016 WL 3271874, at *1 (Iowa Ct. App. June 15, 2016); *see* Iowa Code §§ 236.4(1), .6. "Domestic abuse" occurs when (1) the defendant commits an assault as defined in section 708.1 against the plaintiff; and (2) the defendant and plaintiff are in one of the relationships identified in section 236.2. *See* Iowa Code § 236.2(2); *Clark v. Pauk*, No.14-0575, 2014 WL 6682397,

at *3 (Iowa Ct. App. Nov. 26, 2014) ("'Domestic abuse' means an assault as described in section 708.1 committed by a person in a specified relationship with the victim."). Those qualifying relationships include, among others:

- "family or household members[1] who resided together at the time of the assault," Iowa Code § 236.2(2)(a);

- "separated spouses" who were "not residing together at the time of the assault," *id.* § 236.2(2)(b);

- "persons who are parents of the same minor child, regardless of whether they have been married or have lived together at any time," *id.* § 236.2(2)(c);

- "persons who have been family or household members residing together within the past year and are not residing together at the time of the assault," *id.* § 236.2(2)(d); and

- "persons who are in an intimate relationship," *id.* § 236.2(2)(e).[2]

Section 236.5 governs the contents of the protective order. It provides in part:

> 1. Upon a finding that the defendant has engaged in domestic abuse:
> . . . .
> b. The court may grant a protective order . . . which may contain but is not limited to any of the following provisions:
> . . . .
> (6) Unless prohibited pursuant to 28 U.S.C. § 1738B, *that the defendant pay the clerk a sum of money for the separate support and maintenance of the plaintiff* and children under eighteen.

---

[1] "'Family or household members' means spouses, persons cohabiting, parents, or other persons related by consanguinity or affinity." Iowa Code § 236.2(4)(a). But "'[f]amily or household members' does not include children under age eighteen of persons" that otherwise qualify as family or household members. *Id.* § 236.2(4)(b).

[2] An "'[i]ntimate relationship' means significant romantic involvement that need not include sexual involvement." It "does not include casual social relationships or associations in a business or professional capacity." Iowa Code § 236.2(5).

(Emphasis added.)

The portion quoted just above—subparagraph 6—is at the center of this appeal. In Fishel's view, subparagraph 6 authorized the district court to order "that the defendant" pay a specified "sum of money for the separate support and maintenance of the plaintiff." *Id.* § 236.5(1)(b)(6). An order of support was authorized, Fishel contends, *regardless* of whether *any other* statutory provision— such as section 598.21A—*also* required the defendant to pay her support.

The district court took the opposite view. It concluded section 236.5 "does not create an independent right of support." Rather, in the district court's view, section 236.5 only authorizes an award of support "in certain cases when such support *would otherwise be* allowed by Iowa and federal law." (Emphasis added.)

To decide which view is correct, we apply traditional principles of statutory interpretation. We begin with the understanding that "[i]t is not the function of courts to legislate." *Hansen v. Haugh*, 149 N.W.2d 169, 241 (Iowa 1967). We "are constitutionally prohibited from doing so." *Id.* (citing Iowa Const. art. III., § 1). Instead, "[i]t is our duty to accept the law as the legislative body enacts it." *Holland v. State*, 115 N.W.2d 161, 164 (Iowa 1962). So we apply each statute "as it is written." *Moss v. Williams*, 133 N.W. 120, 121 (Iowa 1911). We find a statute's meaning in the "text of the statute," the "words chosen by the legislature." *State v. Childs*, 898 N.W.2d 177, 184 (Iowa 2017) (citation omitted).

Applying these principles here, we conclude Fishel is correct. The words of subparagraph 6 convey an unambiguous message: In any chapter 236 protective order, the district court may include an express requirement "that the defendant"— the abuser—pay a specified "sum of money for the separate support and

maintenance of the plaintiff"—the victim. Iowa Code § 236.5(1)(b)(6). Subparagraph 6 does include one exception: It prohibits awards that would violate "28 U.S.C. § 1738B," a federal provision that relates only to child support. But that is the only exception. There is no exception for plaintiffs like Fishel who never married their abusers and, therefore, are not *also* entitled to support under another statutory provision, such as section 598.21A. Indeed, nothing in subparagraph 6— or elsewhere in chapter 236—suggests that support can only be awarded to plaintiffs who are already entitled to support.

So we reject the view that support can only be awarded to a plaintiff for whom support is already available. Rather, based on the unambiguous words of the statute, we conclude that any chapter 236 protective order "*may*" provide for the "separate support and maintenance of the plaintiff," regardless of what other rights the plaintiff might hold. Iowa Code § 236.5(1)(b)(6) (emphasis added); *see* Iowa Code § 236.7(1) (stating "[a] proceeding under this chapter . . . is *in addition to* any other civil or criminal remedy" (emphasis added)).

We emphasize the word "may." In general, "may" authorizes but does not require. *See* Iowa Code § 4.1(30) (comparing "may" with "shall" and "must"). "May" is permissive, not mandatory. *See Clark*, 2014 WL 6682397, at *4. "May" signifies discretion.[3]

---

[3] *See, e.g.*, *Bowman v. City of Des Moines Mun. Hous. Agency*, 805 N.W.2d 790, 796 (Iowa 2011) ("The district court's reading of § 982.552(c)(2)(i) as permissive, not mandatory, in construction was reinforced in its view by the definition of 'may' in the Iowa Code which states the word 'may' merely invokes a power, not a duty."); *Yohn v. Bd. of Dirs./Clear Lake Sanitary Dist.*, 672 N.W.2d 716, 717 (Iowa 2003) ("Use of the word 'may' in section 358.16 strongly suggests the petitioners have no right to force the limited annexation of their property; this decision rests in the discretion of the district."); *In re Adoption of S.J.D.*, 641 N.W.2d 794, 798 (Iowa

So we certainly do not imply that every protective order *must* provide for support. Rather, we conclude only that the district court has *discretion* to order support regardless of whether the plaintiff is—or is not—also entitled to support under another statute.

Here, the district court concluded it did not have discretion to award support because "support would" not "*otherwise* be allowed" to Fishel under state or federal law. (Emphasis added.) For the reasons explained, we believe this conclusion was erroneous. So we remand for further proceedings consistent with this opinion. *See, e.g.*, *State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1999).

We offer no opinion as to whether (1) an award of support is appropriate; or (2) if so, what amount would be appropriate. We commit those questions, in the first instance, to the sound discretion of the district court on remand.

### III. Disposition

We affirm the district court's entry of the August 30, 2018 Final Domestic Abuse Protective Order. We remand for further proceedings concerning Fishel's request for support under Iowa Code section 236.5(1)(b)(6).

---

2002) ("By using the word 'may,' the legislature signaled its intention to place the decision about whether to file an affidavit to reveal or not reveal the biological parent's identity squarely in the discretion of that parent."); *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997) ("The first part of the rule is discretionary: the district court *may* order amendment so as to correct errors or omissions that either are or are not substantive."); *State ex rel. Lankford v. Allbee*, 544 N.W.2d 639, 641 (Iowa 1996) ("Moreover, the use of the word 'may' indicates that the director has discretion to make any of the deductions permitted by section 904.702."); *Feller v. Scott Cty. Civil Serv. Comm'n*, 435 N.W.2d 387, 390 (Iowa Ct. App. 1988) ("The use of the word 'may' in the statute confers a power and places discretion within the one who holds the power.").

In light of this disposition, we conclude Fishel's procedural arguments about the August 30 hearing are moot. So we decline to address them. *See Homan v. Branstad*, 864 N.W.2d 321, 328 (Iowa 2015) ("It is our duty on our own motion to refrain from determining moot questions." (citation omitted)).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**