## IN THE COURT OF APPEALS OF IOWA

No. 19-0230
Filed January 9, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEREK THOMPSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


Derek Thompson appeals the sentences imposed upon his convictions of possession of a controlled substance with intent to deliver and failure to affix a drug-tax stamp. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


Mark C. Smith, State Appellate Defender (until withdrawal), and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.


Considered by Doyle, P.J., Schumacher, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

Derek Thompson appeals the sentences imposed upon his convictions of possession of a controlled substance with intent to deliver and failure to affix a drug-tax stamp. He argues the court improperly ordered him to pay court costs on a dismissed count and a drug abuse resistance education (DARE) surcharge without first determining his reasonable ability to pay the same. He also argues the imposition of law enforcement initiative (LEI) surcharges violates his right to equal protection under the state and federal constitutions.

The State "agrees that Thompson cannot be ordered to pay costs associated with the dismissed count." The State correctly points out that Thompson is still liable for costs not attributable to any single count. *See State v. McMurry*, 925 N.W.2d 592, 600–01 (Iowa 2019). Finally, the State agrees the imposition of court costs was premature. *See State v. Albright*, 925 N.W.2d 144, 158–61 (Iowa 2019). Under *Albright*, the imposition of court costs "must await the filing of a final restitution plan and a determination of [Thompson]'s reasonable ability to pay." *State v. Smeltser*, No. 18-0998, 2019 WL 2144683, at *1 (Iowa Ct. App. May 15, 2019). Thus, we vacate the sentencing order's assessment of court costs and remand the matter to the district court for the receipt of a final restitution plan and subsequent assessment of Thompson's reasonable ability to pay.

We next turn to the court's imposition of the DARE surcharge. Thompson argues the surcharge amounts to a contribution to a local anticrime organization and is therefore classified as category two restitution, which may only be ordered subject to his reasonable ability to pay. *See* Iowa Code § 910.2(1)(a)(5) (2018); *Albright*, 925 N.W.2d at 159. The State counters that imposition of the surcharge

is mandatory and not subject to Thompson's reasonable ability to pay. We agree with the State. "In all criminal cases in which . . . a judgment of conviction is rendered, the sentencing court *shall* order that restitution be made . . . for . . . surcharges . . . ." Iowa Code § 910.2(1)(a) (emphasis added). And, "[i]n addition to any other surcharge, the court or clerk of the district court *shall* assess a [DARE] surcharge of ten dollars if a violation arises out of a violation of an offense provided for in . . . chapter 124, subchapter IV." Iowa Code § 911.2(1) (emphasis added). Neither statute qualifies the imposition of the surcharge by a defendant's reasonable ability to pay; both mandate imposition of the surcharge. *See id.* § 4.1(30); *Yohn v. Bd. of Dirs./Clear Lake Sanitary Dist.*, 672 N.W.2d 716, 717 (Iowa 2003).

Finally, Thompson argues the imposition of LEI surcharges violates equal protection. Both the federal and state constitutions provide all citizens equal protection under the law. U.S. Const. amend. XIV; Iowa Const. art. I, § 6; *Nguyen v. State*, 878 N.W.2d 744, 757 (Iowa 2016). Equal protection "requires that 'similarly situated persons be treated alike under the law'" and "that laws treat all those who are similarly situated *with respect to the purposes of the law alike*." *Nguyen*, 878 N.W.2d at 757 (citations omitted). In assessing a claimed equal-protection violation, we first "determine whether there is a distinction made between similarly situated individuals." *Id.* at 758. If a party cannot make such a showing, "courts do not further consider whether their different treatment under [law] is permitted under the equal protection clause." *Id.* (quoting *Varnum v. Brien*, 763 N.W.2d 862, 882 (Iowa 2009)).

Iowa Code section 911.3 mandates the imposition of a $125 surcharge following judgment of conviction of certain offenses.[1] Thompson argues "he is similarly situated with other criminal defendants who are treated differently by virtue of the fact that they are not assessed the LEI surcharge." In other words, he argues all individuals convicted of crimes are similarly situated but treated disparately. He ignores the fact the crimes necessarily have categorical and elementary differences. "[T]he legislature is free to impose disparate punishments for different crimes so long as the offenses are distinguishable on their elements." *State v. Ceaser*, 585 N.W.2d 192, 196 (Iowa 1998), *overruled on other grounds by State v. Bruegger*, 773 N.W.2d 862, 870–72 (Iowa 2009). "In other words, if the elements of the offenses are not the same, persons committing the crimes are not similarly situated and, therefore, may be treated differently for purposes of" equal protection. *Id.* That is what we have here. We reject the constitutional challenge.

We vacate the sentencing order's assessment of court costs and remand the matter to the district court for the receipt of a final restitution plan and subsequent assessment of Thompson's reasonable ability to pay. We affirm the remainder of the sentence imposed.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[1] They include controlled-substance offenses under chapter 124; pharmacy-related offenses under chapter 155A; excise-tax violations under chapter 453B; burglary offenses under chapter 713; theft, fraud, and related offenses under chapter 714; forgery and related crimes under chapter 715A; damage and trespass to property under chapter 716; possessing contraband under section 719.7; furnishing a controlled substance or intoxicating beverage to an inmate under section 719.8; and prostitution, pimping, and pandering, in violation of sections 725.1 through 725.3.